344 So.2d 410 (1977)
Clifford FULTZ
v.
J. Leslie McDOWELL et al.
No. 11213.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
*411 Gordon M. White, Baton Rouge, for plaintiff Clifford Fultz, appellant.
David W. Robinson, Baton Rouge, for defendant J. Leslie McDowell, appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Plaintiff brought this tort action against defendant, a general contractor, for injuries he received while working for a subcontractor as a brick layer. Plaintiff has appealed from the court's sustaining an exception of no cause of action.
The issue before this court is whether plaintiff's exclusive remedy is in Workmen's Compensation.
We affirm.
Plaintiff was employed to lay bricks on a home being built by defendant as the general contractor. He alleged that faulty and poor construction by the defendant caused a porch to collapse injuring him, and sought damages in tort, for personal injuries, medical expenses and loss of income. Defendant filed an exception of no cause of action, on the ground that plaintiff's sole remedy against him was under the Louisiana Workmen's Compensation Act.
LSA-R.S. 23:1061[1] provides that the remedy granted to an employee of an independent contractor under the Workmen's Compensation Act is exclusive of all other rights and remedies to which he might otherwise *412 be entitled. If the allegations of plaintiff's petition show conclusively that he is covered by the Act, his exclusive remedy is in Workmen's Compensation, and the petition therefore does not state a cause of action in tort. Gifford v. Aurand Manufacturing Company, 207 So.2d 160 (La.App. 4th Cir. 1968) writ denied, 252 La. 113, 209 So.2d 41.
An exception of no cause of action will not be sustained unless plaintiff's well pleaded allegations disclose that under no circumstances could he recover. Blanchard v. Employers Liability Assurance Corp., 197 So.2d 386 (La.App. 2nd Cir. 1967). To exclude himself from LSA-R.S. 23:1061, plaintiff argues that he was engaged in "specialized labor" outside the usual business and trade of a general building contractor. However, we note that LSA-R.S. 23:1061 says compensation is due if the work is part of the principal's trade, business or occupation or is work which he had contracted to perform. Defendant had contracted to build the house; the bricklaying was a part of this. Therefore the fact that plaintiff was engaged in specialized labor outside the usual business or trade of a general building contractor is irrelevant, even if true.[2]
The exception of no cause of action was properly maintained; the lower court dismissed the suit. Any amendment plaintiff might make to his pleadings would not change the exclusive nature of the remedy in Workmen's Compensation. Therefore, no opportunity to amend need be afforded.
The judgment of the trial court is affirmed; plaintiff is cast with all costs.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1061. Principal contractors; liability

Where any person (in this section referred to as principal) undertakes to execute any work, which is part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
[2] The cases cited by appellant, Horrell v. Gulf & Valley Cotton Oil Co. (Orleans, 1930), 15 La.App. 603, 131 So. 709, and Finn v. Employers' Liability Assurance Corp., 141 So.2d 852 (La.App., 2nd Cir. 1962), both involved principals and not principal, or general, contractors. It is difficult to agree that bricklaying, even though specialized, is not a part of a general contractor's trade or business.