REDMANN, Judge.
A pest control company employee, injured while servicing an apartment complex, appeals from a summary judgment dismissing his tort suit against the owner of the apartment complex. The dismissal was based on the exclusivity of workmen’s compensation, La.R.S. 23:1032, and on defendant’s being plaintiff’s statutory employer, R.S. 23:1061.
We affirm. Plaintiff relies on Lushute v. Diesi, La.1978, 354 So.2d 179, a case that held that repair of restaurant air conditioning was not part of the business of operating a restaurant, because one may operate an unairconditioned restaurant. (We note also that a restaurant’s being airconditioned at one time does not constitute an enforceable implied contract with diners that it will continue to be airconditioned in the future.) Lushute is not in point here because the question is not whether an apartment complex can rent without providing pest control. Our facts are that defendant so conducted its apartment rental business that it impliedly contracted with its tenants to provide pest control. Thus the providing of pest control was “work . . . which [the principal] had contracted to perform . ,” R.S. 23:1061. The statutory language is disjunctive: “work, which is á part of his trade, business, or occupation or which he had contracted to perform . . .” Thus, assuming that an' apartment complex might do business without pest control and thus pest control would not be part of its “trade, business or occupation,” defendant is nevertheless liable in compensation and not in tort because it “had contracted to perform” pest control for its tenants.
Affirmed.
LEMMON, J., dissents.