396 So.2d 1268 (1981)
Alvin J. DUVALLE, Jr.
v.
LAKE KENILWORTH, INC. et al.
No. 80-C-1405.
Supreme Court of Louisiana.
April 6, 1981.
James S. Quinlivan, Jr., River Ridge, for plaintiff-applicant.
S. Frazer Rankin, of Montgomery, Barnett, Brown & Read, New Orleans, for defendants-respondents.
DENNIS, Justice.
The issue presented in this tort suit is whether summary judgment should have been granted declaring that plaintiff's exclusive remedy is under the worker's compensation statute. Resolution of the question depends on whether defendant has shown there is no genuine issue as to a material fact, i. e., that the work of Dennis Miller Pest Control Company performed for Lake Kenilworth, Inc., was either "a part of [Lake Kenilworth's] trade, business or occupation or which [it] had contracted to perform" for purposes of establishing coverage by the worker's compensation statute. La. R.S. 23:1061.
Plaintiff, Alvin J. Duvalle, Jr., was an employee of Dennis Miller Pest Control Company that had contracted with Lake Kenilworth, Inc. to provide pest extermination services for Lake Kenilworth's apartment complex on a monthly basis. Duvalle *1269 brought this tort action for injuries he allegedly sustained when he tripped over loose carpeting while servicing one of defendant's apartments. Defendant successfully moved for summary judgment on the grounds that since pest extermination was part of its trade, business or occupation, plaintiff's exclusive remedy for his injuries was under the worker's compensation statute because Lake Kenilworth was plaintiff's "statutory employer," against whom a worker cannot maintain an action for an unintentional tort. La.R.S. 23:1032, 1061. Plaintiff appealed contending that the record indicated there was genuine issue as to a material fact which could be determined properly only by a trial on the merits.
The court of appeal affirmed finding statutory employer status under a different rationale, i. e., that Lake Kenilworth had impliedly contracted with its tenants to provide pest control that was "work ... which [Lake Kenilworth] had contracted to perform," La.R.S. 23:1061; 383 So.2d 408.
A motion for summary judgment should be granted where it is shown that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. La.C.C.P. art. 966; Cates v. Beauregard Electric Coop., 328 So.2d 367 (La.1976). The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Mashburn v. Collin, 355 So.2d 879 (La.1977). And where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Mashburn v. Collin, supra; United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 992, 8 L.Ed.2d 176 (1962); 6 Moore's Federal Practice, § 56.15[1]; Green v. Southern Bell Tel. & Tel. Co., 204 So.2d 648 (La.App. 3d Cir. 1968).
In order for defendant to succeed under its motion as framed, it must be undisputed that Lake Kenilworth was plaintiff's principal or statutory employer. To meet this test it must appear certain that the work undertaken by plaintiff's actual employer, Dennis Miller Pest Control Company, was part of Lake Kenilworth's trade, business or occupation or was work which it had contracted to perform. La.R.S. 23:1061.
The affidavits and deposition filed by the parties raise material issues of fact. It cannot be determined conclusively from the evidence of record whether the pest control services performed by Dennis Miller were part of Lake Kenilworth's trade, business or occupation. From the deposition of the apartment company's property manager, it appears that application of pesticides to the apartment interiors had always been done under contract by a firm specializing in this work. Consequently, this case is distinguishable from Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978), in which movant established that both Sun Oil and other oil companies regularly performed the same type work as was done under the contract at other facilities as part of their businesses with their own employees. Nor is it without debate that Lake Kenilworth had contracted with its tenants to provide the services or work performed by Dennis Miller. The record contains no reference to such an agreement or contract, permitting a reasonable inference that none existed.
Accordingly, we conclude that the defendant is not entitled to a summary judgment in this case. The judgments of the trial and intermediate appellate courts are reversed and the case is remanded for trial, subject to the right of intervenors Denny Miller, Jr. Pest Control and Morrison Assurance Company, Inc., to participate as co-plaintiffs.
REVERSED AND REMANDED.
MARCUS, J., concurs and assigns reasons.
BLANCHE, J., dissents and hands down reasons.
LEMMON, J., recused.
MARCUS, Justice (concurring).
I concur. See Lushute v. Diesi, 354 So.2d 179 (La.1978).
*1270 BLANCHE, Justice (dissenting).
I respectfully dissent. Even if the proof will show that Lake Kenilworth provides pest control services for its tenants, this fact will not make Lake Kenilworth the statutory employer of pest control employees. Lake Kenilworth is also responsible for keeping a roof over its tenants' heads, and the plumbing and electrical services in good working order, but Lake Kenilworth's "trade, business or occupation" is not that of a roofer, plumber or electrician. It is in the business of renting space and must employ independent contractors to keep the premises in a good state of affairs, but this fact does not put them in the apartment repair business. The distinction is that, although it requires repair services, it is not in the repair service business. R.S. 23:1061 was enacted for the benefit of the injured employee by preventing a general contractor (principal) from avoiding payment of workmen's compensation by using a subcontractor who may be insolvent or incapable of making workmen's compensation payments to the injured worker. Such a holding does not serve the purpose of the above statute and, on the merits, the furnishing of such a service is simply not the usual trade, business or occupation of the landlord even though it benefits his tenants, or even though it may be a service which the landlord contracts for their mutual benefit.
One of the far-reaching effects of such a decision is to require small property owners who own one or two rental units to purchase costly workmen's compensation insurance if they plan to keep their property in repair, or either repair it themselves. This is so because just to own a house and rent it for a consideration puts the owner in the carpentry, plumbing, electrical, roofing, painting and other types of business beyond this writer's imagination.
If the business of renting to others puts a landlord in the pest control business because he furnishes a pest control service to his tenants, or in the roofing business because it is necessary from time to time to have the roof repaired, or the plumbing business when he has to call the plumber, my concern is not for the landlordit is for the renters who will ultimately pay.