SCHOTT, Judge.
This is before us on a judgment granting a motion for summary judgment dismissing plaintiff’s suit. The issue is whether the trial court properly granted the motion considering the record and the jurisprudential principles applicable to the trial court’s granting of such a motion.
Plaintiff is the father and administrator of the estate of his daughter, Tanya Nater-ski, who was 14 years of age at the time of the subject accident. The suit was filed on January 17, 1980, against Glen P. McGrath, and although service was not effected on him an answer was filed by his insurance company in July, 1980. The answer contained a general denial and an affirmative plea of contributory negligence on Tanya’s part. On July 22 defendant took Tanya’s deposition and on September 24 it moved for a summary judgment, which was ar *634 gued and granted on October 17. No affidavit was filed by defendant and although interrogatories were propounded to and answered by him they did not contain any information concerning the facts of the accident. Thus, the record is devoid of any showing by defendant as to McGrath’s version of the facts of the accident.
However, in her deposition, Tanya testified substantially as follows: The accident occurred on Wren Street in a residential neighborhood in New Orleans. She had been operating a friend’s “go-cart” and entered Wren Street from a short cul-de-sac perpendicular to Wren Street. She traversed approximately three quarters of Wren Street intending to enter a lane leading to a park when she was struck on her left by the automobile operated by McGrath. She admitted that she did not look before she entered Wren Street and that McGrath tried to avoid her by swerving his automobile.
It is on the basis of her admission that she did not look that defendant contends it is entitled to a judgment as a matter of law based on her own confessed contributory negligence. However, while contributory negligence is a bar to plaintiff’s recovery as a general rule the doctrine of last clear chance is an exception to that rule. The doctrine has evolved to the point where plaintiff’s negligence would not preclude her recovery where McGrath either appreciated plaintiff’s peril or should have with the exercise of reasonable care and attention at a time when he could have prevented the injury. Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978). See also Jackson v. Cook, 189 La. 860, 181 So. 195 (1938).
The record does not contain anything suggestive of McGrath’s speed or other operative facts which may enable plaintiff to recover despite Tanya’s admitted negligence in failing to look before she entered the street. Without McGrath’s version of how this accident occurred we are left with many unanswered questions which could, upon a trial, establish liability on his part despite Tanya’s conduct.
The law does not automatically excuse a motorist for running over a plaintiff who failed to look before entering the motorist’s path, and the isolated admission by Tanya that McGrath swerved to avoid her does not insulate him from liability under theories of constructive or even actual last clear chance.
The cases are too numerous to warrant citation for the principles that a motion for summary judgment is not a substitute for a trial, it is to be viewed in the light most favorable to the party opposing the motion and any doubt must be resolved against granting of the motion and in favor of trial on the merits. See, for example, Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981), Thornhill v. Black, Sivails & Bryson, 394 So.2d 1189 (La.1981).
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of plaintiff, Hans Nasterski, and against defendant, denying its motion for summary judgment. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.