A plaintiff in a libel action who is a public figure must prove that the damaging statements were (1) false and (2) made with malice, i.e. published with the knowledge that they were false or with reckless disregard of the truth. New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).
Summary judgment is granted only when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.Pr. art. 966. Although the burden of proof is usually on the moving party, because of the possibility that the threat of litigation would create a “chilling” effect on freedom of the press, the Louisiana Supreme Court has ruled that a plaintiff such as applicant must show malice to defeat summary judgment. Schaefer v. Lynch, 406 So.2d 185, 187 (La. 1981); Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977). The burden placed on plaintiffs in First Amendment cases is exceedingly stringent because of the importance our Founding Fathers attached to freedom of the press as essential to a strong democracy.
Plaintiff has failed to prove that there is a genuine issue of material fact and that he is entitled to judgment as a matter of law in that he has not shown that the reports were: (1) false, and (2) that defendants either knew that the statements contained in its news reports were false or acted with reckless disregard of the truth.
For these reasons, summary judgment should have been granted. This case is remanded for entry of summary judgment in defendants’ favor.