Patrick Lynn LeBLANC,
Plaintiff-Appellant,

v.

GOLDKING PRODUCTION COMPANY,
Defendant-Appellee.

No. 82–4541
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 31, 1983.

Andrus & Preis, Hal J. Broussard, Lafayette, La., for plaintiff-appellant.

Mouton, Roy, Carmouche, Bivins & Kraft, Franklin W. Dawkins, Lafayette, La., for defendant-appellee.

Before GEE, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

In this Louisiana diversity action, the plaintiff LeBlanc sues Goldking Production Company ("Goldking") in tort for personal injuries received as a result of an alleged premise defect. At the time of the injury, LeBlanc was working as an employee of the Travis Rental Company, Inc. ("Travis"), with whom Goldking had contracted to perform certain work. Holding that the work so contracted was an integral part of Goldking's trade, business, or occupation, the district court granted summary judgment dismissing LeBlanc's tort suit on the ground that, as LeBlanc's "statutory employer", LeBlanc's exclusive remedy against Goldking under Louisiana law was for workmen's compensation. La.R.S. 23:1032, 1061.

We reverse and remand, holding that summary judgment was improvidently granted. Although the work that the plaintiff's employer Travis had contracted to perform for Goldking may indeed have been integral or essential to its operations, the factual showing reveals dispute as to whether this work was customarily per-

formed in the industry by the principal's own employees or instead by those of independent contractors. If by the latter, then the work in question was not part of the principal's "trade, business, or occupation" for purposes of the Louisiana workmen's compensation statute. La.R.S. 23:1061, *Williams v. Shell Oil Company,* 677 F.2d 506 (5th Cir.1982). There being a genuine issue of material fact as to this issue, Fed.R. Civ.P. 56(c), summary judgment was improvidently granted. *Williams, supra.*

### 1

The factual showing may be briefly summarized:

Three affidavits on behalf of Goldking show that it was in the business of operating and producing oil and gas leases; as part of its lease agreement with the landowner, it was obliged to remove from the leased premises all property and facilities placed by it on the premises after termination of a lease; in the present instance, the well was plugged and abandoned, and it contracted with Travis to remove the board road and to drain water from the drill-site; *this clean-up of well site was regularly and routinely performed by Travis* (i.e., the contractor, LeBlanc's employee) *for Goldking;* and the plaintiff LeBlanc was injured as an employee of Travis in the latter's performance of its contract to restore the leased premises to their original condition after the well was abandoned.

An affidavit introduced on behalf of Le-Blanc stated that Goldking in its customary practice always contracts out board road construction and cleanup in connection with its wells and also that all operators of oil leases customarily contract out such board road and removal work to independent contractors.

### 2

■ Under the Louisiana workers' compensation statute, a principal who contracts to have work performed that is part "of his trade, business or occupation" is nevertheless liable for workmen's compensation benefits to the contractor's employees. La.R.S. 23:1061. If so, the injured employee's compensation remedy against the principal (his "statutory employer") is exclusive, thus barring recovery in tort. La.R.S. 23:1032 (Supp.1981). The general purpose of these provisions is to prevent an employer from evading compensation liability by contracting out part of his regular work to independent contractors. *Williams v. Shell Oil Company,* 677 F.2d 506, 508 (5th Cir.1982); Malone & Johnson, Louisiana Civil Law Treatise: Worker's Compensation, §§ 121–127 (2 ed. 1980).

■ In accord with this functional purpose for the liability of a "statutory employer" for workers' compensation liability (and his concomitant immunity from tort liability), a principal may be considered the statutory employer of its contractor's employee if the work contracted out is customarily performed by the principal's own employees or by the direct employees of others engaged in businesses similar to that of the principal; if, however, the work is customarily contracted out for performance by contractors (rather than by the principal's own employees), it is not part of the "trade, business, or occupation" of the principal, and the principal is not a statutory employer. *Williams, supra,* 677 F.2d at 509–10; *Blanchard v. Engine & Gas Compressor Services, Inc.,* 613 F.2d 65, 71 (5th Cir.1980). *See also Forno v. Gulf Oil Corporation,* 699 F.2d 795, 796–97 (5th Cir.1983); *Blanchard v. Gulf Oil Corporation,* 696 F.2d 395, 398 (5th Cir.1983) (the principal supported its successful motion for summary judgment with affidavits to the effect that its own employee-mechanics were qualified to and did perform the same maintenance work as that in which the subcontractor's employee was injured); *Barrios v. Engine & Gas Compressor Services, Inc.,* 669 F.2d 350, 355 (5th Cir.1982); *Freeman v. Chevron Oil Company,* 517 F.2d 201, 206, 209 (5th Cir.1975); *Thompson v. South Central Bell Company,* 411 So.2d 26 (La.1982); *Duvall v. Lake Kenilworth, Inc.,* 396 So.2d 1268 (La. 1981); *Barnes v. Sun Oil Company,* 362 So.2d 761, 764 (La.1978).

The decisions relied upon by Goldking are not inconsistent with the principles thus

stated. *Barnes, supra,* where summary judgment dismissing the contractor's employee's tort suit was upheld on the statutory employer immunity-defense, specifically noted that the defendant principal and other similar oil producers regularly performed this type of work with their own employees, 362 So.2d at 764, even though the principal customarily used a contractor at this particular plant. And, as we noted in *Williams, supra,* 677 F.2d at 510 n. 8, *Ortego v. Union Oil Co. of California,* 667 F.2d 1241 (5th Cir.1982) did not involve a factual issue as to whether the type of repair work there involved was always contracted out to independent contractors by both the defendant principal and others engaged in the same business.

### 3

In *Penton v. Crown Zellerbach,* 699 F.2d 737 (5th Cir.1983), we recently reversed a summary judgment dismissing a contractor's employee's tort suit against the defendant principal. We noted that the issue really addressed itself as to whether the work contracted-out, in which the employee was injured, "was part of [the principal's] usual and customary practice", 699 F.2d at 743, having earlier stated that

> a statutory employment relationship will be found only in those instances where the injured employee's employer is contracted to perform work which is so closely allied to that of the principal employer that it is in fact either an extension or component of *the principal's commonly relied upon resources.*

699 F.2d at 741 (emphasis added).

For reasons similar to those expressed in *Penton* and *Williams, supra,* we reverse the summary judgment here granted, finding that there is under the factual showing a disputed issue of material fact as to whether the contracted-out work was part of the trade, business, or occupation of Goldking, the defendant oil producer. The plaintiff LeBlanc correctly argues that the factual showing permits the inference that oil production companies do not commonly wish to use their own employees or to retain additional employees to perform the removal and restoration work following abandonment of a well, instead utilizing specialty contractors to do so.

Under the factual showing thus far made, a material factual issue is not resolved, i.e., whether Goldking and other similar oil production companies as part of their usual and customary practice commonly rely upon their own employee-resources or, instead, commonly contract the post-termination removal work to be performed by contractors. Summary judgment was therefore improvidently granted.

*Conclusion*

Accordingly, we find that the defendant Goldking has failed to sustain its burden of proving that no material issue of fact exists regarding the statutory employment relationship between it and LeBlanc and that therefore summary judgment was improperly granted. We therefore REVERSE the district court's grant of summary judgment and REMAND for further proceedings.

REVERSED and REMANDED.