**Danny DOZIER**

v.

**J.A. JONES CONSTRUCTION COMPANY, INC. and the Aetna Casualty and Surety Company.**

**Civ. A. No. 83–1190.**

United States District Court, E.D. Louisiana.

May 15, 1984.

Michael D. Meyer, New Orleans, La., for plaintiff.

Robert E. Couhig, Jr., E. Peter Dewey, Henry Leon Sarpy, New Orleans, La., Roger J. Larue, Jr., Metairie, La., for defendant.

## OPINION

McNAMARA, District Judge.

Before the court are Motions for Judgment Notwithstanding the Verdict brought on behalf of J.A. Jones Construction Co., Inc. (Jones), its insurer, The Aetna Casualty and Surety Co., and Metropolitan Erection Co., Inc. (Metropolitan) and its insurers, Fidelity and Guaranty Insurance Co., and Mission National Insurance Company.[1]

This litigation arises out of an accident that occurred on January 31, 1983, at the construction site of the Canal Place II development in downtown New Orleans. Danny Dozier, an ironworker directly employed by Metropolitan at the time of the accident, sustained serious injuries in the accident and consequently sued Jones, the principal contractor on the project. Seeking to recover for their loss of consortium, Mrs. Dozier and the Dozier children joined in the suit.

Jones impleaded Metropolitan on the basis of an indemnity provision contained in a

---

1. These same parties also move for a mistrial on the basis of a perceived violation by Plaintiff of the "Golden Rule." The motion has already been denied in open court.

subcontract between the parties. Jones further asserts that it is the statutory employer of Danny Dozier within the meaning of La.R.S. 23:1061, and thus is entitled to the concomitant tort immunity afforded by La.R.S. 23:1032.

After a three-day jury trial, the jury returned a verdict favorable to the Doziers. The comparative fault of the parties was attributed 65% to Jones, 5% to Mr. Dozier and 30% to Metropolitan.[2]

## STATUTORY EMPLOYER DEFENSE

The jury answered the following special interrogatories in regard to the statutory employer defense negatively:

5. Has J.A. Jones proved, by a preponderance of the evidence, that it customarily does the type of work being performed by Metropolitan on Canal Place II construction project?

6. Has J.A. Jones proved, by a preponderance of the evidence, that the type of work Metropolitan was doing at the Canal Place II construction project is an integral part of the business of J.A. Jones?

These interrogatories were extracted from the test set forth in the seminal case of *Blanchard v. Engine & Gas Compressor Services, Inc.*, 613 F.2d 65 (5th Cir. 1980). In *Chavers v. Exxon Corp.*, 716 F.2d 315 (5th Cir.1983), the *Blanchard* test was summarized in this fashion:

[T]he court "should first consider whether the particular principal involved in the case customarily does the type of work performed by the contractor." If that answer is in the affirmative, the principal is a statutory employer with resulting workmen's compensation obligations and a concomitant liability shield. If the answer is negative, the court must continue the inquiry "to determine if others engaged in businesses similar to that of the principal customarily do this type of work or if it is an integral part of their businesses." If this query results in an affirmative response the principal is a statutory employer. In sum, the core inquiry is whether the employees of the principal or employees of other employers engaged in similar operations customarily perform the work at issue. In either instance, the principal will be deemed a statutory employer.

Id. at 317 (citations deleted).[3]

However, the Motion of Jones for Judgment Notwithstanding the Verdict does not attack the factual findings of the jury as reflected in the answers to Interrogatories 5 and 6. Instead, Jones asserts that as a matter of law it is a statutory employer of Mr. Dozier. In this regard Jones relies on the underscored portion of R.S. 23:1061 appearing below:

*Where any person* (in this section referred to as principal) *undertakes to execute any work*, which is a part of his trade, business, or occupation or *which he had contracted to perform*, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ...

Reading R.S. 23:1061 in the disjunctive, Jones contends that it is entitled to a judgment because there is no dispute that it undertook to perform the work with the owners of Canal Place II and, in turn, contracted with Metropolitan for the execution of a portion of the work undertaken. Under the "disjunctive" approach, it is unnecessary to establish the objective of the

---

2. Although La.R.S. 23:1032 shielded Metropolitan from responding to the Doziers in tort, an adjudication of Metropolitan's negligence was necessary to determine the effect of the indemnity provision. See page 293 *infra*.

3. Since there was no evidence on the issue of whether or not other companies engaged in businesses similar to that of J.A. Jones customarily do the type of work performed by Metropolitan in this case, that aspect of the *Blanchard* inquiry was withheld from the jury.

*Blanchard* test, i.e., that the work performed by the contractor is part of the trade, business, or occupation of the principal.

This argument finds support in the decisions of several Louisiana appellate courts. *Richard v. Weill Construction Co., Inc.*, 446 So.2d 943, 945 (La.App. 3rd Cir.1984); *Barnhill v. American Well Service & Salvage, Inc.*, 432 So.2d 917, 920 (La.App. 3rd Cir.1983); *Melancon v. Tassin Amphibious Equipment Corp.*, 427 So.2d 932, 936 (La.App. 4th Cir.), *cert. denied*, 433 So.2d 166 (La.1983); *Fultz v. McDowell*, 344 So.2d 410, 412 (1st Cir.1977).

On at least two occasions the Louisiana Supreme Court has spoken on the issue. In *Duvalle v. Lake Kenilworth, Inc.*, 396 So.2d 1268 (La.1981) a Motion for Summary Judgment on the statutory employer defense was affirmed upon a factual determination by the appellate court that Lake Kenilworth, the aspiring statutory employer, had contracted with its tenants to provide pest control and a legal conclusion that the language of R.S. 23:1061 was disjunctive. 383 So.2d 408, 409 (La.App. 4th Cir.1980). The Supreme Court reversed and remanded, but it did so only on a factual basis, stating: "Nor is it without debate that Lake Kenilworth had contracted with its tenants to provide the services or work performed by [plaintiff's immediate employer]." *Duvalle*, 396 So.2d at 1269.

In *Lewis v. Exxon Corp.*, 441 So.2d 192 (La.1983) the Court gave a more explicit indication of its position on the issue. Writing for the majority on rehearing, Chief Justice Dixon explained:

> A principal can, however, be a statutory employer even if the project, during which an employee is injured, is not one of regularity or custom for the principal. Whenever a principal contracts to perform work for another—even if it is the first and only time that the principal plans to engage in such a project—he is,

for the purposes of injuries resulting from that project, engaged in that trade, business or occupation. R.S. 23:1032. *Id.* at 198.

 Although the *Lewis* court's statement regarding the pertinent issue is technically dictum,[4] I am persuaded that *Lewis* is a reliable indication that the highest court of Louisiana is in accord with the jurisprudence emanating from the lower Louisiana courts. Absent a strong showing to the contrary, I am *Erie*-bound to follow the dictates of the state tribunals. *Taylor v. Jim Walter Corp.*, 731 F.2d 266, 267 (5th Cir.1984); C. Wright, *Law of Federal Courts* § 58 (4th Ed.1983).

Notwithstanding this court's role as an *Erie* court, the federal jurisprudence does not, as Plaintiffs and the Intervenor suggest, mandate a different result. Specifically, Plaintiffs contend that the disjunctive analysis was implicitly rejected in *Le Blanc v. Goldking Production Co.*, 706 F.2d 149 (5th Cir.1983). One may conclude from a broad reading of *LeBlanc* that an absolute prerequisite to a statutory employment relationship is a finding that the work contracted out was part of the principal's usual and customary practice. However, I decline to read *LeBlanc* in such a fashion. A fair reading of that case reveals that the Fifth Circuit was concerned only with whether or not the work contracted out was customarily performed by contractors or the direct employees of the subject principal (or the direct employees of others engaged in businesses similar to the principal), and not the issue at bar. *Cf., Hodges v. Exxon Corp.*, 727 F.2d 450 (5th Cir.1984); *Penton v. Crown Zellerbach*, 699 F.2d 737 (5th Cir.1983); *Forno v. Gulf Oil Corp.*, 699 F.2d 795 (5th Cir.1983); *Williams v. Shell Oil Co.*, 677 F.2d 506 (5th Cir.1982).

Contrary to the Plaintiff's contentions, the Fifth Circuit, while not directly confronting the issue, has not rejected a disjunctive statutory employment analysis. In *Blanchard*, the Fifth Circuit relied, in

---

**4.** See the concurrence of Justice Dennis, 441 So.2d at 200, wherein he criticizes the majority for noting this "debatable proposition" when it

is unnecessary for a decision. Ironically, Justice Dennis authored the *Duvalle* opinion. 396 So.2d 1268.

part, on Professor Larson in rejecting the "essential to business" test for determining statutory employer status: "The test (*except in cases where the work is obviously a subcontracted fraction of a main contract*) is whether this indispensable activity is, in that business, normally carried on through employees rather than independent contractors." (Emphasis added). 613 F.2d at 70 quoting A. Larson, *The Law of Workmen's Compensation,* § 49.12, at 9–23 to 9–24 (1973).

## INDEMNITY CONTRACT

Despite the existence of tort immunity for Jones, a resolution of the third-party demand is necessary because the indemnity between the parties includes attorney's fees. The indemnity clause in question recites:

> Subcontractor agrees to defend, indemnify and hold harmless, Contractor and Owner, and their agents and employees from and against any claim, cost, expense or liability (including attorneys' fees), attributable to bodily injury, sickness, disease or death, or to damage to or destruction of property (including loss of use thereof), caused by, arising out of, resulting from or occurring in connection with the performance of the Work by Subcontractor, its subcontractors, or their agents or employees, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder; provided, however, Subcontractor's duty hereunder shall not arise if such injury, sickness, disease, death, damage or destruction is caused by the sole negligence of a party indemnified hereunder. Subcontractor's obligation hereunder shall not be limited by the provisions of any workmen's compensation or similar act.

■ It is apparent from the express terms of this provision that Jones is not entitled to indemnity if it is solely at fault. Conversely, if Jones is not solely at fault, Metropolitan owes indemnity, including attorney' fees, to Jones. As an unambiguous contract, it forms the law between the parties and is entitled to judicial enforcement. La.Civ.Code art. 1945.

■ Since the jury found that Jones was not solely at fault, Metropolitan owes Jones attorney's fees pursuant to the indemnity provision. Nevertheless, Metropolitan argues that the contract in question does not apply to the work performed by Metropolitan at the time of Mr. Dozier's accident. The issue of nonapplicability was raised for the first time at trial.

In the Pre-Trial Order, it was stipulated by all parties that Plaintiff's work activities at the time of the accident herein were being performed pursuant to the contract between Jones and Metropolitan. Under the heading "Material Facts Claimed by the Parties" Metropolitan itself stated:

> Prior to the accident, Metropolitan Erection Company, Inc. had entered into Subcontract No. 14–81–01–495 with J.A. Jones Construction Company, Inc. for the "Installation of the Bracing Material", which contained provision No. 12 titled "Indemnity". Pursuant to this Subcontract and subsequent addenda or change orders, Metropolitan Erection Company, Inc. furnished labor for the installation of bracing material and for the removal of existing braces. On the day of his injury, Mr. Dozier was performing duties pursuant to Change Order No. Four (4) to Subcontract No. 14–81–01–495. (See Exhibit "A", Subcontract No. 14–81–01–495). Further, it has been stipulated by all parties that Subcontract No. 14–81–01–495 was in effect between J.A. Jones Construction Company, Inc. and Metropolitan Erection Company, Inc. on the date of Mr. Dozier's accident. (See Exhibit "A", deposition of Wade John LeBrun at pages 8 and 9).

The same statement again appears under the heading "Uncontested Material Facts" to which *all* parties agreed as evidenced by their signature on the Pre-Trial Order. Consistent with these pre-trial written stipulations, there was no discussion whatsoever at the Pre-Trial Conference with the court to even suggest that the applicability of the contract in question to the work

being performed by Mr. Dozier was an issue in this case.

■ Federal Rule of Civil Procedure 16(e) permits a final pre-trial order to be modified "only to prevent manifest injustice." Such a showing has not been made. Metropolitan has by-passed every opportunity up to this point, including its pre-trial summary judgment motion that focused on the language of the contract, to assert this last ditch defense to the claim of Jones. To permit Metropolitan to advance this post-trial argument would, in fact, be manifestly unjust to Jones. *See Flannery v. Carroll,* 676 F.2d 126, 131 (5th Cir.1982); *United States v. First National Bank of Circle,* 652 F.2d 882, 886–87 (9th Cir.1981). Thus, the court will follow the Pre-Trial Order and honor the stipulation of the parties.

CLAIM FOR LOSS OF CONSORTIUM

Mrs. Dozier and the Dozier children seek to recover for loss of consortium under La.Civ.Code, art. 2315.

■ Since the court finds that Mr. Dozier is a statutory employee of Jones, La.R.S. 23:1032 limits not only his recovery to worker's compensation, but also limits any remedy his "dependents" may have.

Accordingly, IT IS ORDERED that the Motion for Judgment Notwithstanding the Verdict of J.A. Jones Construction Co., Inc. and The Aetna Casualty and Surety Company be and it is hereby GRANTED. The remaining Motions before the court are DENIED. Within thirty (30) days counsel for Jones is to submit a proposed Judgment consistent with this Opinion which includes an award to Jones, and against Metropolitan for the attorney's fees incurred by Jones in defending Plaintiff's suit against it. The parties are to attempt to reach a stipulation on the appropriate amount of attorneys' fees. If they are unable to do so, counsel for Jones will notify the court within fifteen (15) days and the court will notice a hearing to determine the amount of attorney's fees to be awarded.