Lee V. RICHARDS, Plaintiff-Appellant,

v.

J.A. JONES CONSTRUCTION COMPA-
NY, Defendant-Appellee.

No. 85–3507
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1986.

Law Offices of Sidney Torres, III, Michael J. Furman, Sidney D. Torres, III, Chalmette, La., for plaintiff-appellant.

Adams & Reese, Robert E. Couhig, Jr., F. Lee Butler, New Orleans, La., for defendant-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

In this Louisiana diversity action, plaintiff-appellant Lee V. Richards (Richards) appeals the district court's summary judgment dismissing his personal injury negligence suit against defendant-appellee J.A. Jones Construction Company (Jones) on the basis that Richards was the statutory employee of Jones under the Louisiana Worker's Compensation Law and was hence relegated to the exclusive remedies provided by the Worker's Compensation Law. Broadly stated, the sole question presented is whether an employee of a subcontractor performing work included within the work covered by the general contractor's contract with the owner or developer is the general contractor's statutory employee, notwithstanding that the subcontractor's work is of a specialized kind usually subcontracted by this general contractor and most others in the business. Agreeing with the district court that in such an instance the general contractor is the statutory employer of the subcontractor's employee, we accordingly affirm.

### Facts and Proceedings Below

Richards was injured August 4, 1983, when a floor support rod fell and struck him during construction of the Canal Place Two building in New Orleans. He was then employed by Ceco Corporation (Ceco) and was working within the scope of his employment. Jones is a commercial construction company and was the general contractor for the construction of the Canal Place Two. Jones retained Ceco as its subcontractor to perform the installation of "horizontal formwork," which was a portion of the work covered by Jones' general construction contract with the developer. Richards was injured while performing work called for by Ceco's subcontract with Jones.

Richards filed this negligence suit against Jones in Louisiana state court on March 28, 1984. Jones removed the suit to federal court based on diversity of citizenship.[1] Jones subsequently filed a motion for summary judgment claiming that it was Richards' statutory employer at the time of the accident and that therefore Richards was limited to his benefits under the Louisiana Worker's Compensation statute. The summary judgment evidence established without dispute that Richards was injured in the course of his employment for Ceco while performing work on the Canal Place Two job which was covered by Ceco's subcontract with Jones, that this work was a part of the work covered by Jones' general contract with the Canal Place Two developer, and that under the general contract the performance of the work in which Ceco was engaged was the responsibility of Jones and was work which Jones had contracted to perform by its general contract. Ceco had no contractual relationship with the developer. While Jones' general contract did not prevent Jones' use of subcontractors, neither did it require such use. However, there was evidence arguably tending to show that the work covered by Ceco subcontract—on-site installing of metal pans to act as forms for the pouring of concrete floors in the building under construction, here Canal Place Two—was of a rather specialized nature and was usually subcontracted out because Jones, like most other general contractors for commercial buildings, normally lacked the expertise and equipment to perform that kind of work. Jones' direct employees performed the less specialized aspects of this operation, the bracing of the pans after they were installed. Richards alleged that he was injured when struck by a falling pan support rod which he claimed had been negligently installed by a Jones direct employee. The district court granted summary judgment on the motion filed by Jones

holding that Richards was the statutory employee of Jones and was limited to his worker's compensation remedy.[2] The only question on appeal is whether Jones is the statutory employer of Richards.

## Discussion

The Louisiana Worker's Compensation statute sets forth when a "principal" is a statutory employer of another party's employee. The situation exists

"[w]here any person (in this section referred to as principal) undertakes to execute any work, [1] which is a part of his trade, business, or occupation *or* [2] *which he had contracted to perform*, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him;...." La. Rev.Stat.Ann. § 23:1061 (West 1985) (emphasis and bracketed material supplied).

Likewise, La.Rev.Stat.Ann. § 23:1032 provides in pertinent part:

*"The rights and remedies herein granted to an employee* or his dependent on account of an injury, or compensable sickness or disease *for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee,* his personal representatives, dependents, or relations, *against his employer, or any principal* or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word 'principal' shall be defined as any person who undertakes to execute any work* [1]

---

**1.** Jones is a Delaware corporation with its principal place of business in North Carolina.

**2.** The hearing on Jones' motion for summary judgment was delayed by the district court pending the appeal of a similar matter in *Dozier*

*v. J.A. Jones Construction Company, Inc.,* 587 F.Supp. 289 (E.D.La.1984). The *Dozier* case was appealed but settled before a decision by this Court.

*which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or [2] which he had contracted to perform and contracts with any person for the execution thereof.*" (Emphasis and bracketed material supplied.)

Jones argues that the provisions in the statute are disjunctive: a principal is a statutory employer if (1) the work being performed by the person claimed to be a statutory employee is a part of the principal's trade, business or occupation, *or* (2) if the principal contracted to perform the work for another. Richards contends that the work performed by the alleged statutory employee must be part of the principal's trade, business or occupation before the statutory employer provision applies.

The Louisiana Supreme Court has held that if a principal hires an independent contractor to perform work, the statutory employer provision applies if the work that the contractor performs is customarily performed by the principal's own employees or if similar employers customarily have their own employees perform the work. *Lewis v. Exxon Corp.*, 441 So.2d 192, 198 (La. 1983) (on reh'g); *Barnes v. Sun Oil Co.*, 362 So.2d 761 (La.1978); *accord Blanchard v. Engine & Gas Compressor Services, Inc.*, 613 F.2d 65, 71 (5th Cir.1980). The district court's holding that the "customarily performed" criteria applies only to the first provision of the statute, and not the second, does not conflict with the Louisiana Supreme Court's holdings since the second provision is alternative to the first. The Louisiana Supreme Court indicated approval of this disjunctive construction in dicta in *Lewis v. Exxon, supra,* and *Duvalle v. Lake Kenilworth, Inc.,* 396 So.2d 1268, 1269 (La.1981). In *Lewis* the court stated:

"A principal can, however, be a statutory employer even if the project, during which an employee is injured, is not one of regularity or custom for the principal. Whenever a principal contracts to perform work for another—even if it is the first and only time that the principal plans to engage in such a project—he is, for the purposes of injuries resulting from that project, engaged in that trade, business or occupation." *Id.* at 198.

In *Duvalle* the court stated that:

"To meet this test [statutory employer] it must appear certain that the work undertaken by plaintiff's actual employer, ... was [the putative statutory employer's] trade, business or occupation *or* was work which it had contracted to perform." *Duvalle, supra* at 1269 (emphasis added).

Louisiana appellate courts have likewise read the statute as disjunctive in this respect. *Richard v. Weill Construction Co.,* 446 So.2d 943, 945 (La.App. 3d Cir.) (principal is immune in tort and liable in worker's compensation any time the principal contracts to do any work and then subcontracts with another party for the performance of that work), *writ denied,* 449 So.2d 1356 (La.1984); *Accord McCorkle v. Gulf States Utilities Co.,* 457 So.2d 682, 685 (La.App. 1st Cir.1984); *Duvalle v. Lake Kenilworth, Inc.,* 467 So.2d 850, 853 (La. App. 4th Cir.1984); *Barnhill v. American Well Service & Salvage, Inc.,* 432 So.2d 917, 920 (La.App. 3d Cir.1983); *Fultz v. McDowell,* 344 So.2d 410, 412 (La.App. 1st Cir.1977).

The present situation is one in which the second provision of the statute applies. Jones contracted to perform a job, build Canal Place Two, and then subcontracted with another, Ceco, to perform part of that work so undertaken by Jones. According to the statute, Jones is the statutory employer of Ceco's employee Richards in Richards' performance of the construction work covered by the Jones general contract and subcontracted by Jones to Ceco; and Richards is accordingly limited to his worker's compensation remedies.

Richards claims that this Court's holding in *LeBlanc v. Goldking Production Co.,* 706 F.2d 149 (5th Cir.1983), is controlling in his favor. In *Goldking,* LeBlanc was an employee of Travis Rental Company, Inc. (Travis) who was injured while engaged in work which Travis had contracted to perform for Goldking Production Company

(Goldking). Goldking operated and produced oil leases and as part of its lease agreement was required to remove all of its property and facilities at the end of the lease period. Goldking contracted with Travis to restore the leased land after it abandoned the lease. LeBlanc was injured during the restoration, and sued Goldking. "Holding that the work so contracted was an integral part of Goldking's trade, business, or occupation, the district court granted summary judgment" for Goldking on the ground that it was "LeBlanc's 'statutory employer.'" *Id.* at 149. We reversed and remanded holding that summary judgment was inappropriate because "the factual showing reveals dispute as to whether this work was customarily performed in the industry by the principal's own employees or instead by those of independent contractors. If by the latter, then the work in question was not part of the principal's 'trade, business, or occupation' for purposes of the Louisiana workmen's compensation statute." *Id.* at 149–50.

The factual setting of *Goldking* is distinct from that of the present case, as there the obligation of the putative statutory employer appears to have been a contingent and incidental duty arising out of the mineral lessor-lessee relationship. It is at the least arguable that that sort of situation is inapposite, for purposes of the second statutory employer definition, to the more typical general construction contractor-subcontractor setting with which we are presently concerned. In any event, it is apparent that in *Goldking* both this Court and the district court considered only the first of the alternative definitions of statutory employer, namely, that relating to work which is part of the principal's "trade, business, or occupation," and did not address the statutory language respecting work which

the principal "had contracted to perform" or consider whether or not such language provided an alternative, disjunctive test for statutory employer status. Accordingly, we do not consider *Goldking* as controlling on these latter questions to which it did not speak.

Moreover, since the *Goldking* opinion, we have received further guidance from the Louisiana courts regarding the interpretation of the second section of the statute. *Cf. Farnham v. Bristow Helicopters, Inc.,* 776 F.2d 535, 537 (5th Cir.1985); *Broussard v. Southern Pacific Transportation Co.,* 665 F.2d 1387, 1389 (5th Cir. 1982) (en banc). At the time of the *Goldking* decision, the Louisiana Supreme Court had stated in dicta, and two Louisiana appellate courts had held, that a disjunctive reading of the statute was appropriate. Since *Goldking,* the Louisiana Supreme Court again has approved a disjunctive reading in dicta in *Lewis v. Exxon, supra,* and the Louisiana appellate courts for the first, second, third, and fourth circuits have followed the disjunctive reading of the statute. *McCorkle v. Gulf States Utilities Co., supra; Wells v. State,* 450 So.2d 1027 (La.App. 1st Cir.1984); *Jurls v. Lama Drilling Co.,* 457 So.2d 135 (La.App. 2d Cir.1984); *Richard v. Weill Construction, supra; Duvalle v. Lake Kenilworth, Inc., supra.* Although the presently relevant language in some of these decisions may express an alternative holding or even be regarded as dicta, nevertheless taken together they show that the Louisiana courts read the statute as disjunctive, so that the principal is a statutory employer if the work is part of that which the principal "had contracted to perform," even though it is not otherwise part of the principal's "trade, business, or occupation." We are bound to follow.[3] We are strengthened in

3. Richards also argues that this Court's decision in *Blanchard v. Engine & Gas Compressor Services, Inc.,* 613 F.2d 65 (5th Cir.1980), is controlling. We disagree. The *Blanchard* Court did not consider the "had contracted to perform" alternative or whether the statute was disjunctive. Nor did the *Blanchard* facts present those questions, as the work there involved was not

work which the alleged statutory employer had contracted to perform for a third party. Richards contends that since the Louisiana Supreme Court did not mention *Fultz v. McDowell, supra,* in its reply to this Court's certification of the statutory employer question in *Blanchard,* the Louisiana Supreme Court did not approve of the disjunctive reading of the statute set forth in

**508**

this understanding of Louisiana law by the well-reasoned opinion in *Dozier v. J.A. Jones Construction Company, Inc.*, 587 F.Supp. 289, 291–92 (E.D.La.1984).

### Conclusion

Under the undisputed facts, Jones is the statutory employer of Richards within the meaning of the Louisiana statute. The granting of summary judgment is proper since, as a matter of law, Richards' recovery is limited to worker's compensation benefits.

AFFIRMED.

*Fultz.* However, there was no reason for the Louisiana court to consider the second provision of the statute since *Blanchard* did not involve a fact situation presenting it. Moreover, the Louisiana decisions cited in the text, rendered subsequent to *Blanchard,* are in any event controlling.