PLOTKIN, Judge,
dissents with written reasons:
I respectfully dissent and would reverse the trial court’s granting of the motion for summary judgment on the grounds that a genuine issue of material facts exists concerning whether Ronald Morgan was working within the course and scope of his employment with appellee Derrick Hammers, Inc. at the time the accident occurred.
The accident in question occurred at approximately 6:30 a.m. on May 8, 1985 while Morgan was returning to his worksite from a trip to the supermarket to buy toilet tissue for use in the company-owned trailer where he had slept the night before. The majority finds that Morgan regularly reported to work at 7 a.m. despite the following contradictory deposition testimony given by Morgan:
Q: If he didn’t call you at 12:00 at night, what time would yo go to work in May, 1985?
A: About 6:00 o’clock.
Q: And what time would you leave?
A: Leave about 3:00 o’clock, 3:30.
*489 Q: Okay. Now, do you recall an accident on May 8, 1985?
A: Yes, sir.
Q: What time were you supposed to be at work that day?
A: Urn—
Q: 6:00 o’clock?
A: About 7:00.
Q: Excuse me.
A: About 7:00 o’clock I was fixing to go to work.
Q: Why did that day vary from the 6:00 o’clock that you previously mentioned.
A: I don’t know.
Morgan deposition, pages 14-5.
Morgan stated later in his deposition that he wished to change his earlier testimony to state that he usually started work at 7:00 a.m.
The factors to be considered to determine whether an employee was acting in the course and scope of employment have been delineated by the Louisiana Supreme Court as follows: (1) payment of wages by the employer, (2) employer’s power of control, (3) employee’s duty to perform the particular act, (4) time, place and purpose of the act in relation to service of the employer, (5) relationship between the employee’s act and the employer’s business, (6) benefits received by the employer from the act, (7) motivation of the employee for performing the act and (8) reasonable expectation of the employer that the employee would perform the act. Reed v. House of DeCor, Inc., 468 So.2d 1159 (La.1985).
Motions for summary judgment may be properly granted only when the mover shows that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). When a trial court has a choice between two reasonable inferences from the facts contained in the affidavits, attached exhibits and depositions, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Id.
I agree with the appellant that, when viewed in light of the above factors, the facts in the instant case indicate that Morgan was within the scope and course of employment. Analysis of the facts in the light most favorable to the party opposing the motion for summary judgment reveals the following: Morgan was working at the time of the accident because his workday began at 6 a.m. His employer benefitted from his errand by having toilet paper available in the trailer for the common use of its employees. Morgan’s motivation for being on the errand was related to the good of his employer because he purchased not one, but two, rolls of toilet paper. The employer could reasonably expect this sort of mission since the trailer is in an isolated location and this type of mission for minor supplies is common. Although not directly related to the business, the errand was related to the personal needs of the employees. Since Morgan’s duties at the company were varied and he was allowed to sleep in the company-owned trailer, he had implied authority to make an occasional trip to the store for necessary supplies. The company exerted control over Morgan by furnishing him with a pocket pager so that he could be contacted for work at any time.
Of course, the appellee disagrees with the above inferences and argues that the evidence in the record establishes that Morgan was on a purely personal mission at the time of the accident. It is exactly in situations such as this that the granting of a motion for summary judgment is inappropriate and resolution of the material factual issues should be referred to the merits of the case. Therefore, I would reverse the trial judge’s granting of the motion for summary judgment.