546 So.2d 520 (1989)
Vanessa Stepter HUMPHREY, et al.
v.
LOUISIANA POWER & LIGHT CO., INC., et al.
No. 88-CA-2099.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1989.
Rehearing Denied August 9, 1989.
Harry E. Forst, New Orleans, for plaintiff.
Joseph S. Palermo, Jr., Patricia S. Leblanc, Bernard, Cassisa, Saporito & Elliott, Metairie, for defendant.
*521 Before GARRISON, CIACCIO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiffs, Vanessa Stepter Humphrey, as administrator of the estate for the deceased Abel Stepter, Jr. and her siblings, appeal the trial court's judgment granting Bricks Unlimited's Motion for Summary Judgment and thus holding that Bricks Unlimited was the statutory employer of the deceased Abel Stepter, Jr. of Stepter Truck Service.
This case arose out of an accident which occurred on July 12, 1984. On or about July 11, 1984, a representative of James Kelty Construction, "Kelty", called Bricks Unlimited, Inc. and placed an order for bricks to be delivered to the construction site at 4300 Judge Perez Drive. Bricks Unlimited agreed to make the delivery as specified.
Subsequently, Bricks Unlimited contracted with Stepter Brothers Trucking Service, "Stepter Brothers", to deliver the bricks to the Kelty Construction site. While unloading the bricks Abel Stepter, Jr. was electrocuted when the boom on his truck came into close contact with Louisiana Power & Light Company, "LP & L", wires. Thereafter the plaintiffs filed suit against LP & L, St. Bernard Bank & Trust, the owner of the construction site, and Bricks Unlimited.
St. Bernard Bank & Trust filed a third party demand against Kelty. Plaintiffs subsequently supplemented their petition to name Kelty as a direct defendant. Plaintiffs have dismissed their claim against St. Bernard Bank & Trust. All other defendants, including Bricks Unlimited, moved for summary judgment.
Bricks Unlimited's motion was based on the claim that it is immune from tort suit as the statutory employer of Abel Stepter. Bricks Unlimited's motion was granted. The motions of the remaining defendants, Kelty and LP & L were denied.
On appeal, plaintiffs raise two assignments of error. First, they argue that Bricks Unlimited is not entitled to statutory immunity because it hired others to do all or most of its brick deliveries. Plaintiffs rely on Cain v. Witco Chemical Corp., 341 So.2d 1220 (La.App. 1st Cir.1976) writs refused, 343 So.2d 1078, 1079 (1977), in arguing that where a company does not desire to become involved in an activity which is required for the successful operation of its business no statutory employer defense is available. Plaintiffs claim that Bricks Unlimited chose not to deliver bricks and consistently engaged Stepter Brothers which possessed special skills and equipment, specifically a boom truck, to perform this service. Plaintiffs quote W. Malone and H. Johnson, Workers' Compensation § 126 (La.Civ.L. Treatise vol. 13, 1980) which articulates the theory that "if a principal consistently engages others with special skills or equipment to do the work, then it is more likely that an independent business enterprise is present between the employer and the principal, rather than a mere intermediary interposed to avoid compensation liability." See also, Wilson v. A-1 Industries, 451 So.2d 1251 (La.App. 4th Cir.1984).
The trial court made a specific finding that Bricks Unlimited only supplemented its own delivery capabilities with outside delivery contracters such as Stepter Brothers. In its reasons for judgment the trial court wrote:
As evidenced by a supplemental affidavit of Lawrence Adams, [Secretary-Treasurer for Bricks Unlimited], Bricks Unlimited had in-house delivery service capabilities. It supplemented its own delivery capabilities with outside contractors such as Stepter Bros. Although the Stepters may have worked exclusively for Bricks Unlimited for a number of years, Stepter Bros, was not the exclusive drivers and deliverers of bricks for Bricks Unlimited.
The judgment of the trial court will not be disturbed unless the record establishes that its findings are clearly wrong (manifestly erroneous). Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). The trial court's finding was based on affidavits submitted into evidence. Furthermore, we find that it is reasonable for the trial court to distinguish the instant case from Cain which involved a defendant *522 chemical company that did not own a transport vehicle because it made a policy decision to opt out of the transportation business. We find no manifest error.
Plaintiffs next argue that the trial court erred in finding that Bricks Unlimited qualified as a statutory employer. Plaintiffs rely on Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986) to argue that the Louisiana Supreme Court has articulated new guidelines to determine whether the statutory employer defense should apply. The first question to be addressed is whether the work activity is specialized or not. Quoting Berry, plaintiffs argue, "This of course is a question of fact and courts should consider whether the contract work requires a degree of skill, training, experience, education or equipment not normally possessed by those outside the contract field." Berry suggests other guidelines which should be considered secondarily and they include: Is the contract work routine and customary? Does the principal have the equipment and/or manpower capable of performing the contract work? What is the practice in the industry relative to the contract work? Plaintiffs submit that only by a trial on the merits can all these questions be answered. We disagree.
It is plausible that evidence made part of the record, affidavits and depositions, is adequate to answer the questions posed in Berry. In its reasons for judgment the trial court wrote:
Considering all the factors, the Court finds that the delivery of brick is not specialized per se but is part of the trade, business or occupation of the principal, here Bricks Unlimited. The delivery of bricks is routine and customary. Bricks Unlimited had in-house capabilities for delivery. This type of work is normally done by employees and supplemented by independent contractors. The Court finds that a statutory employment relationship exists between Bricks Unlimited and Stepter.
The record reflects that since its organization in 1968 Bricks Unlimited has continuously employed people to deliver bricks.
That at the time of the accident which is the subject of this lawsuit Bricks Unlimited had in its employ individuals who made deliveries to customers in a truck owned by Bricks Unlimited. In the past Bricks Unlimited supplemented its own delivery capabilities with outside delivery contractors like Stepter Brothers. And since its organization Bricks Unlimited has consistently offered delivery of bricks as a service to its customers. We find no manifest error with the trial court's finding. Arceneaux v. Domingue, supra; Canter v. Koehring, supra.
The trial court considered La.R.S. 23:1061 which defines the statutory employment relationship. It provides in pertinent part:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ... [emphasis added]
The trial court stated that the statute has been interpreted by Louisiana courts as being disjunctive. A principal is a statutory employer if (1) the work being performed by the person claiming to be a statutory employee is part of the principal's trade, business or occupation, or (2) if the principal contracted to perform the work for another. See Lewis v. Exxon Corp., 441 So.2d 192 (La.1983) (on rehearing); Barnhill v. American Well Service and Salvage, Inc., 432 So.2d 917 (La.App. 3d Cir.1983). See also Richards v. J.A. Jones Construction Co., 782 F.2d 504, 506 (5th Cir.1986) and cases cited therein. We agree with the trial court that Bricks Unlimited clearly qualifies as a statutory employer *523 based on the first condition. However, we do not agree, and treat as dicta, the finding that Bricks Unlimited was a statutory employer because it was a subcontractor of Kelty Construction. Bricks Unlimited was solely a vendor of bricks, not a brick contractor or installer. A vendor is not necessarily a subcontractor and we do not find Bricks Unlimited to be a subcontractor in this case.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.