PLOTKIN, Judge,
dissenting, with written reasons:
The majority erroneously concludes, on a motion for summary judgment, that plaintiff Albert Brown was within the course and scope of his employment when he stumbled over a block in the parking lot of defendant Flowers Baking Co.’s retail store, despite the fact the parking block was obviously outside the work area.
There is no dispute that, at the time of the accident, plaintiff had completed his daily route, surrendered his delivery truck and checked out from work. He then entered the retail outlet of the bakery and purchased two loaves of bread, jnst as any of the defendant’s customers might do. While the plaintiff was walking to his car; the accident occurred.
The fact that the plaintiff intended to complete paper work for the company later in the day is immaterial. Generally, an employee who is going to and from work is not considered to be acting within the course and scope of his employment so as to render his employer liable to third persons for the employee’s negligent act. Will v. Correge, 148 So.2d 822, 824 (La.App. 4th Cir.), writ ref'd 244 La. 147, 150 So.2d 768 (1963). The specific question to be answered is whether the employee’s conduct “was so closely connected in time, place and causation to his employment duties as to be regarded to be a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer’s interest.” Daniels v. Conn, 382 So.2d 945, 948 (La.1980).
The factors to be considered in determining whether an employee was acting in the course and scope of employment have been delineated by the Louisiana Supreme Court as follows: (1) payment of wages by the employer, (2) employer’s power of control, (3) employee’s duty to perform the particular act, (4) time, place and purpose of the act in relation to service of the employer, (5) relationship between the employee’s act and' the employer’s business, (6) benefits received by the employer from the act, (7) motivation of the employee for performing the act and (8) reasonable expectation of the employer that the employee would perform the act. Reed v. House of DeCor, Inc., 468 So.2d 1159 (La.1985).
Motions for summary judgment may be properly granted only when the mover shows that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). When a trial court may choose between two reasonable inferences from the facts contained in the record evidence, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Id.
*534 I believe that the facts in the instant case indicate that Brown was not within the scope and course of employment at the time the accident occurred. Analysis of the facts in the light most favorable to the party opposing the motion for summary judgment indicates that Brown has a right to sue the defendant in.tort and should not relegated to an exclusive workers’ compensation remedy. There is nothing in the record as it stands to indicate that Brown was being paid at the time of the incident (Factor # 1), that the defendant employer had any power over Brown’s actions at the time of the incident (Factor # 2), the Brown had any duty to perform the actions he was taking at the time (Factor # 3) or that the employer had any reasonable expectation that Brown would perform the act (Factor # 8). Additionally, Brown’s actions in buying the bread had no time, place or purpose in relation to his duty to serve his employer (Factor # 4). Although there was obviously a relationship between Brown’s act and the employer’s business (Factor # 5) and the employer obviously benefitted from Brown’s action (Factor # 6), those results are not related to the performance of Brown’s employment duties; they arise instead from the fact that the employer is also coincidentally a retail business. Finally, Brown’s motivation in buying the bread was purely personal (Factor # 7).
Naturally, the appellee disagrees with the above analysis and argues that the record evidence establishes absolutely that Brown was still engaged in performing his employment duties at the time the accident occurred. Summary judgment is especially inappropriate in situations such as this where serious factual disputes remain. For that reason also, I would reverse the trial court’s granting of the motion for summary judgment.