339 So.2d 360 (1976)
Ronald A. LANDRY, Jr.
v.
Linda Hays LANDRY.
No. 10851.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
Rehearing Denied November 15, 1976.
Writ Refused February 1, 1977.
Frank J. Gremillion, Baton Rouge, for Linda Hays Landry.
Ralph Brewer, Baton Rouge, for Ronald A. Landry.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge:
This case is before us on a devolutive appeal from a judgment decreeing the custody of two minor children, Ronald A. Landry, III, and Joel Ray Landry, born of the marriage between appellant, Ronald A. Landry, Jr., and Linda Hays Landry. The trial court awarded the children to their mother, the appellee. We affirm.
Honorable E. Donald Moseley, Judge, Family Court, for the Parish of East Baton Route, presided and we accept and approvingly adopt his finding of facts as quoted from his Reasons for Judgment:
"The parties were married on September 27, 1969, in East Baton Rouge Parish, where they established their matrimonial domicile. Mrs. Landry was eighteen years old at that time. In November of 1973 Mrs. Landry was admitted to the hospital for emotional problems. She was released after a brief period of time. However, the parties were having marital problems, and they separated in January of 1974. Mr. Landry left the family home at that time and began residing with his parents.

*361 "On April 3, 1974 Mrs. Landry called Mr. Landry and advised him that she was unable to care for the children because of her mental depression, and Mr. Landry thereupon assumed custody. On April 23, 1974 she called him in an effort to effect a reconciliation. She advised him at that time that it was necessary for her to again enter the hospital. Mr. Landry was opposed to this, and advised her at that time that if she entered the hospital it would end their marriage. Mrs. Landry entered the hospital on April 24, 1974, and was discharged on May 8, 1974. Mrs. Landry testified that she left the hospital prematurely because her husband would not pay the bills, and she had not heard from him. Upon her discharge Mrs. Landry initially went to an apartment rented by one David Murray. Her husband immediately commenced a surveillance of the apartment, and obtained sufficient evidence to warrant the filing of a petition for divorce on the grounds of adultery. This suit was filed on May 15, 1974, and a default judgment was obtained on June 11, 1974.
"Mrs. Landry thereafter moved into her paramour's residence, and lived with him until September or October of 1974. In July she began working, and is still gainfully employed. After leaving her paramour's home she initially resided with her sister, and is now residing in an apartment with her grandmother. She testified that she had exercised visitation rights with her children every weekend since September of 1974; that she is no longer mentally depressed or sick; that her affair is over, and that if she obtained custody her grandmother will live with her and help care for the children."
After a full hearing, the judge allowed a specific time within which counsel were to file memoranda. The minutes for December 1, 1975, reflect that the briefs had been filed and that the matter was submitted to the court for adjudication. The memoranda were not included in the record filed in this court. The trial judge rendered a judgment in favor of the mother, Linda Hays Landry, and against the father, Ronald A. Landry, Jr. In his written Reasons for Judgment, the trial Judge stated:
"The continuous change of baby-sitters, housekeepers, and nursemaids which has been made has not created a stable environment for these children. Although Mr. Landry is sincerely devoted to his children, he cannot give these young children the care and attention of a mother. Mrs. Landry, although guilty of past indiscretions, has reformed her life, and she and her family are prepared to give these children the stable environment which they require. This Court is also of the opinion that the welfare and interest of these small children would best be served by granting custody to the mother, who is prepared now to provide a good, moral home for them, subject to reasonable rights of visitations by the father."
The father, Ronald Landry, filed a motion for a new trial on December 17, 1975, which motion was denied by judgment dated January 15, 1976.
In his brief, Ronald Landry, hereinafter referred to as appellant, assigns the following specification of errors to the ruling of the trial court:
1. The trial court erred in refusing to sustain appellant's exception of no cause of action.
2. The trial court erred in granting a change of custody.
The appellant filed a peremptory exception, stating that the petition of Linda Hays Landry for change of custody alleged absolutely no grounds upon which a change of custody could be granted, and that it alleged no change of circumstances or facts to support the "double burden" necessary to change custody. The record shows that no hearing was held on the motion, but it was discussed by the trial judge and counsel in Chambers prior to beginning of this trial. At the outset of the trial, the following colloquy took place between the trial judge and appellant's counsel:
"THE COURT: Have you filed your exception of no cause

*362 MR. BREWER: Yes sir, the exception was filed sometime ago, and I understand from the CourtWe just got out of a pre-trial conference with the Court, and the is contending, and I suppose does overrule the exception.
THE COURT: Yes, sir. Let the record show that the exception of no cause of action is overruled. The Court believes as though an exception of vagueness could have been made available and perhpas (sic) would would have been applicable but that the petition otherwise show (sic) a cause of action."
In considering an exception of no cause of action, all well-pleaded facts in the petition and attached documents must be accepted as true and any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. Therefore, the exception must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does the plaintiff state a cause of action. Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3 Cir. 1975).
The petition of the appellee states that "Linda Hays Landry now shows that she is a fit and proper mother of the said minor children, and desires and is entitled to the permanent care, custody and control of said children." She further alleged that she is able to provide a proper home, and that it is in the best interest and welfare of the children that she have such custody. The trial judge was correct in overruling the exception.
The second specification is directed to the change of custody. Appellant contends that the "double burden" of proof is applicable herein because the father presently has the care, custody and control of the minor children and received same by the decree rendered on June 11, 1974. The trial judge said in his written Reasons for Judgment that:
"Assuming that the `double burden' is applicable, this Court is of the opinion that this burden has been met by the plaintiff-in-rule."
The trial court has broad discretion in domestic matters, especially where the custody of children is involved. Therefore, unless there is a clear abuse of such discretion, the judgment will not be set aside; Lambert v. Lambert, 286 So.2d 390 (La. App. 1 Cir. 1973).
The question now is whether the trial judge could, from all the facts, evidence and law presented, award custody to the mother without abusing his discretion. The record is replete with testimony, admitted by the appellant, that he has hired and discharged numerous baby-sitters, house-keepers, and nursemaids. This has not created a stable environment for these children, who were five and four years old on the date of the trial court's judgment. A fair reading of all the testimony adduced shows that Mr. Landry loves and provided the material necessities for his sons. However, we are not prepared to say that the trial judge abused his discretion in awarding custody of them to their mother. In absence of abuse of the discretion of the trier of fact, we will affirm his decision.
Appellant is cast for all costs.
AFFIRMED.