Carlos E. FORNO, Plaintiff-Appellant,

Travelers Insurance Company, Plaintiff-Intervenor-Appellant,

v.

GULF OIL CORPORATION, Defendant-Appellee.

No. 82–3614

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 11, 1983.

Reed & Reed, Floyd J. Reed, New Orleans, La., for plaintiff-appellant.

James F. Ryan, New Orleans, La., for Travelers Ins. Co.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, James L. Selman, II, New Orleans, La., for defendant-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

In this Louisiana diversity action, the plaintiff Forno sues Gulf Oil Corporation in tort for personal injuries sustained due to an alleged premise defect. At the time of the injury, Forno was working as a painter employed by a subcontractor engaged to perform routine painting maintenance at Gulf's plant. The district court granted Gulf's motion for summary judgment and dismissed Forno's suit upon its holding, on the basis of statements of uncontested fact and affidavits, that Forno was a "statutory employee" of Gulf and thus relegated to Louisiana workmen's compensation benefits as his exclusive remedy. La.R.S. 23:1032, 1061. We affirm.

The statements of uncontested facts and the affidavit show, most pertinently: Although painting maintenance at Gulf's Bell Chase plant (where the accident occurred) is mostly done through independent contrac-tors, Gulf often utilized its own employees to perform painting maintenance in its other facilities throughout the United States and, for instance, in its Port Arthur facility exclusively used its own maintenance employees exclusively for such painting work. Forno's opposing response did not deny these averments of the affidavit, instead stating that they were "irrelevant and immaterial".

Under the Louisiana workman's compensation statute, a principal who contracts to have work performed that is part "of his trade, business or occupation" is nevertheless liable for workmen's compensation benefits to the contractor's employees. La.R.S. 23:1061. If so, the injured employee's compensation remedy against the principal (his "statutory employer") is exclusive, thus barring recovery in tort. La.R.S. 23:1032 (Supp.1981). The general purpose of these provisions is to prevent an employer from evading compensation liability by contracting out part of his regular work to independent contractors. *Williams v. Shell Oil Company,* 677 F.2d 506 (5th Cir.1982); Malone and Johnson, Louisiana Civil Law Treatise: Worker's Compensation, §§ 121–127 (2d ed. 1980).

Thus, where the work in which a subcontractor's employee is injured is shown to be work that is customarily performed by the principal's own employees, the employee may be considered a "statutory employee" entitled to workmen's compensation but not tort recovery from the principal. *Blanchard v. Gulf Oil Corporation,* 696 F.2d 395, 396 (5th Cir.1983) (the principal supported its successful motion for summary judgment with affidavits to the effect that its own employee-mechanics were qualified to and did perform the same maintenance work as that in which the subcontractor's employee was injured); *Barrios v. Engine & Gas Compressor Services, Inc.,* 669 F.2d 350, 355 (5th Cir.1982); *Blanchard v. Engine & Gas Compressor Services, Inc.,* 613 F.2d 65, 71 (5th Cir.1980); *Barnes v. Sun Oil Company,* 362 So.2d 761, 764 (La. 1978). In these instances, upon undisputed

showing to this effect, the principal may be entitled to summary judgment dismissing a tort suit against it by the subcontractor's employee. *Blanchard v. Gulf Oil Corporation, supra; Barrios v. Engine & Gas Compressors, Inc., supra; Barnes v. Sun Oil Company, supra.*

Accordingly, the district court did not err in granting summary judgment in this case.

The plaintiff Forno relies, however, upon *Freeman v. Chevron Oil Company,* 517 F.2d 201 (5th Cir.1975). There, the court reversed a grant of judgment notwithstanding the verdict that had dismissed a contractor's employee's tort suit against a principal. The court there noted that issues "of the kind presented ... are peculiarly dependent for their resolution upon their factual content ... [and] must therefore be decided on a case-by-case basis", 517 F.2d at 209, representing in each instance an issue of fact as to whether the work in which injured was part of the principal's trade, business, or occupation, so as to bar a tort remedy. *Freeman,* however, concerned the issue of whether new construction on the principal's premises was part of its trade, business, or occupation. Although the principal contended its own welders could have performed the work, this court noted that the principal produced no proof that its own employees customarily engaged in this type of new construction. 517 F.2d at 206. There was thus, at the minimum, an issue of disputed material fact properly determinable by the trier of fact upon full evidence.

■ Similarly, where the factual showing proves without dispute that the principal always contracts out work of the nature in which the present contractor's employee was injured, or where the factual showing does not negative the use of the principal's own instead of outside specialty employees to perform such work, summary judgment dismissing the employee's tort suit is improper, for there remains at the least an issue of fact whether the work performed was an integral part of the principal's trade, business, or occupation. *Williams v. Shell Oil Company,* 677 F.2d 506 (5th Cir.

1982); *Thompson v. South Central Bell Company,* 411 So.2d 26 (La.1982); *Duvalle v. Lake Kenilworth, Inc.,* 396 So.2d 1268 (La.1981). In the present case, unlike in those decisions and in *Freeman, supra* (relied upon by the plaintiff Forno), the undisputed showing is that the principal (Gulf) often utilized its own maintenance employees to perform the painting maintenance work in which the present contractor's employee was engaged.

■ In the particular plant at which Forno was injured, Gulf customarily contracted out its painting maintenance. However, that circumstance alone—without some showing that for some reason it was therefore not part of Gulf's trade, business, or occupation—does not bar summary judgment dismissing the present tort suit by the contractor's employee, where here without dispute in Gulf's other plants the painting maintenance was customarily performed by its own employees. *See, e.g., Darville v. Texaco, Inc.,* 674 F.2d 443, 445 (5th Cir. 1982). Where work is customarily performed by the principal's own employees as an integral operation of its business, the circumstances that a particular one of its several plants chooses instead independent contractors to perform such maintenance work, without more, does not change the work's characterization as part of the principal's trade, business, or occupation, nor permit the principal, at that plant only, to evade its compensation liability to employees injured while performing such work.

Accordingly, we AFFIRM the judgment of the district court dismissing the plaintiff Forno's suit in tort against the defendant Gulf.

AFFIRMED.