CURRAULT, Judge.
This appeal originates in the Twenty-Ninth Judicial District Court, Parish of St. John the Baptist, Division “A”, wherein the Honorable C. William Bradley rendered judgment in favor of defendant, DuPont de Nemours Company, dismissing them via summary judgment from plaintiff’s personal injury suit. We affirm.
River Parish Maintenance (RPM) contracted with the DuPont de Nemours Company to “perform ground maintenance, general labor and waste and drum handling at DuPont’s Pontchartrain Works, near Reserve, Louisiana.” Joseph Perrilloux, an employee of RPM, was engaged in work activities pursuant to the maintenance contract at Pontchartrain Works when, on July 12, 1983, an explosion occurred.
Perrilloux filed suit against DuPont alleging that, as a result of the explosion, he sustained serious injuries “to his entire body and mind” which has rendered him permanently and totally disabled. Subsequently, Perrilloux amended his tort petition to assert a claim for worker’s compensation.
Pursuant to LSA-C.C.P. Article 966, and after due discovery, DuPont brought a motion for summary judgment arguing that they were the “statutory employer of Per-rilloux and that his exclusive remedy was in worker’s compensation.” Perrilloux challenged DuPont’s motion, and in opposition argued that there had been inadequate time for discovery.
Judgment on the motion was rendered with the trial court concluding, in pertinent part:
“The pleadings raise no genuine issue as to any material fact relative to the tort action seeking damages. The action seeking damages from all defendants is dismissed as to all defendants. The demand for workmans (sic) compensation benefits is not dismissed and trial on the merits of that claim will be had.”
Perrilloux has appealed this judgment.
A motion for summary judgment, “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966. The question presented by this appeal is whether summary judgment, which dismissed Perril-loux’s tort claim, should have been granted. Resolution of that question depends on whether DuPont has shown that there is no genuine issue of material fact, i.e., that work performed by Perrilloux for DuPont was part of DuPont’s trade, business or occupation for purposes of establishing coverage by the worker’s compensation statute. LSA-R.S. 23:1061.
The record reveals that discovery was not as limited or unavailable as appellant would have this court believe. Regardless *671 of the lack of discovery which would tend to produce evidence of a tort, we are concerned only with that evidence which establishes whether appellee is or is not the “statutory employer” of appellant. As to the resolution of this legal question, we firmly believe the evidence to be sufficient.
In resolving the question before us, we are guided by Lewis v. Exxon Corp., 441 So.2d 192, 197-98 (La.1983), wherein our Supreme Court stated:
“Two elements of the § 1032 definition must be met in order for a principal to be considered a statutory employer. First, the ‘work’ must be a part of the principal’s ‘trade, business or occupation.’ Second, the principal must have been engaged in that trade, business or occupation at the time of the injury. Absent either of these two conditions, the injury will not come within the scope of the workers’ compensation program.
“Courts must look to the facts of each individual case to determine whether a particular activity is within the scope of a principal’s trade, business or occupation. Generally, in order for a work or project to be within a principal’s trade, business or occupation, it must be routine or cus-tomary_or some other type of activity which is necessary for the principal’s day-to-day operations. Put another way, the works contemplated by the statute are those activities which are an actual part of the nature and purpose of the principals’ enterprise_ General maintenance and repair work, which by their nature allow the smooth and continued operations of the principal, are within the scope of the statute.”
DuPont filed an affidavit and depositions which undisputedly showed that the work which they contracted with Perrilloux’s employer to perform was a part of DuPont’s trade, business or occupation. The affidavit and deposition of Alan K. Briggs, DuPont’s maintenance supervisor who was charged with the supervision of RPM’s personnel, decisively demonstrated that (1) DuPont customarily used its own employees to perform janitorial duties at Pontchartrain Works; (2) Perrilloux’s employer contracted with DuPont to perform these same janitorial duties; and (3) Perrilloux was injured while working for his employer in performance of its obligation under the contract. Briggs went on to state that RPM’s contract called for its personnel to conduct nonspecialized low level, manual clean-up work which DuPont employees did routinely everyday. In addition, Perril-loux’s deposition equally shows that the jobs he performed while at Pontchartrain Works are clearly general maintenance in nature.
The trial judge concluded succinctly:
“Plaintiff was an employee of R.P.M. a firm providing maintenance work for DuPont. The affidavit and deposition of Briggs is definite that plaintiff was performing janitorial or housekeeping duties for DuPont and that DuPont employees also performed janitorial or housekeeping duties. Janitorial or housekeeping duties is a part of the trade, business or occupation of DuPont and under R.S. 23:1061, DuPont was the statutory employer of plaintiff.”
After reviewing the entire record, we are in agreement and conclude that there is no real dispute as to the fact that maintenance work performed at Pontchartrain Works by Perrilloux, pursuant to RPM’s contract with DuPont, was part of DuPont’s “trade, business or occupation.” Under the facts of this case, mover was entitled to a judgment as a matter of law and the summary judgment motion was correctly granted.
Accordingly, the judgment dismissing appellant’s tort claim is affirmed. Appellants are to pay costs.
AFFIRMED.