496 So.2d 421 (1986)
Ezzie PALMER
v.
LOYOLA UNIVERSITY, et al.
No. CA 5154.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
*422 Ethel A. Simms, Jefferson, Bryan & Gray, New Orleans, for appellants.
Monte J. Ducote, Rene S. Ducote, New Orleans, for appellee.
Before GARRISON, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
In this matter we must decide whether plaintiff is the "statutory employee" of defendant. See La.R.S. 23:1061. Applying the three level analysis provided by Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986), to the evidence in this record, we find that the record does not establish whether plaintiff is defendant's statutory employee. We, therefore, reverse the district court judgment granting defendant's motion for summary judgment.
Witt, Fiala, Flannery & Associates contracted with defendant, Loyola University, to perform various janitorial and labor services at Loyola. WFF employed plaintiff to work at Loyola as a janitor. Plaintiff sues Loyola in tort to recover for injuries allegedly suffered while she was on the job.
Loyola moved for summary judgment. Loyola argued that a statutory employment situation existed between it and plaintiff, and that, therefore, plaintiff's exclusive remedy was worker's compensation. See La.R.S. 23:1032. To support its motion for summary judgment Loyola placed in the record the contract between WFF and Loyola, and an affidavit of its Vice President for Business and Finance stating that he is "familiar with the provisions of the attached contracts with addenda, as reflected by his signature thereon."
As mover, Loyola had the burden to prove its defense of tort immunity as a statutory employer. To be entitled to summary judgment Loyola needed to establish that there remained no genuine issue as to material fact, and that it was entitled to judgment as a matter of law. La.C.C.P. Art. 966. Any doubt regarding the existence of a disputed factual issue is resolved against Loyola as the mover for summary judgment. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981).
The three level analysis provided by Berry v. Holston Well Service, Inc., supra, requires that we first consider the entire scope of the work contract to determine whether the contract work is specialized or non-specialized. If the work is "specialized per se, as a matter of law the work is not part of the principal's trade, business or occupation, and the principal is not the statutory employer of the specialized contractor's employees." If, however, the contract work is non-specialized, "the inquiry shifts to a comparison of the principal's trade, business or occupation and the contract work to see if the latter can be considered a part of the principal's trade, business or occupation."
The janitorial and labor services provided under the contract by WFF are non-specialty work. See Perrilloux v. DuPont De Nemours Co., 483 So.2d 669 (La.App. 5th Cir.1986), cited by the court in Berry as a non-specialty case. We must, therefore, determine whether the contract work can be considered part of Loyola's trade, business or occupation.
At this second level of the analysis the Berry court stated that "general maintenance and repair work, which by their very nature allow the smooth and continued operation of the principal, are within the scope of coverage." 488 So.2d at 938. The janitorial and labor services which WFF contracted to perform were of the "routine", "customary", "regular", and "predictable" type which Berry says falls within the scope of La.R.S. 23:1061. Berry also says, however, that it is relevant to consider "whether the contract work as relates to the principal is handled ordinarily through employees." The court indicates that this is *423 a "sub-species of the specialty inquiry", but provides no explanation as to why we would reach the second level of analysis in a specialty case.
The record before us contains no evidence of whether Loyola had any employees engaged in the same type of janitorial and labor services which WFF contracted to perform. We consider this inquiry to be relevant also to the third level of the Berry analysis, namely, to determine if the principal is engaged in the work at the time of the alleged accident. Although the contract work may customarily be considered part of a principal's trade, business or occupation, if at the time of the alleged injury the principal had no employees doing work similar to the contract work, then the contract work will not be considered part of the principal's trade, business or occupation as of the time of the injury. See Holmes v. St. Charles General Hospital, 465 So.2d 117 (La.App. 4th Cir.1985), cited with approval by the court in Berry.
The record before us does not contain evidence which answers the important question of whether at the time of plaintiff's alleged injury Loyola had any employees engaged in work of the same type as WFF had contracted to perform. There remains, therefore, an unresolved genuine issue as to material fact. Under such circumstances, summary judgment is improper.
Accordingly, we reverse the judgment of the district court and remand the matter for further proceedings. All costs of this appeal shall be paid by defendant, Loyola University.
REVERSED AND REMANDED.