539 So.2d 715 (1989)
Dormas SOLOMON, Jr., et ux., Plaintiffs-Appellants,
v.
UNITED PARCEL SERVICE, INC., et al., Defendants-Appellees.
No. 87-1214.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
Writ Denied April 7, 1989.
*716 L. Hallman Woods, New Iberia, for plaintiff-appellant.
Landry, Watkins & Bonin, Nan M. Landry, New Iberia, Roy, Carmouche, Patrick M. Wartelle, Lafayette, for defendants-appellees.
Before GUIDRY, KNOLL and KING, JJ.
GUIDRY, Judge.
Plaintiffs, Paulette Solomon and her husband, Dormas Solomon, Jr., appeal the dismissal, via summary judgment, of their tort suit against United Parcel Service, Inc. (UPS) and Liberty Mutual Insurance Company.
The facts in this case are not in dispute. The only issue before this court on appeal is whether the trial judge erred, as a matter of law, when he concluded that plaintiff, Paulette Solomon, is the "statutory employee" of UPS and therefore relegated to worker's compensation as her exclusive remedy against defendants. La.R.S. 23:1061. We affirm and, in doing so, we are pleased to adopt as our own the trial judge's excellent reasons for judgment which read as follows:
"The plaintiff in this matter was an employee of Service Master, Inc., at the time of her alleged accident. Service Master had contracted with United Parcel Service, Inc., to do maintenance and housekeeping duties at the U.P.S. facility in New Iberia. Plaintiff alleges that she was dusting a table when a bulletin board which was hanging on the wall became unhooked and fell, striking her. In response to plaintiff's petition alleging tort liability on behalf of the defendant, U.P.S. has filed a Motion for Summary Judgment claiming that it is the statutory employer of plaintiff and therefore plaintiff's remedies as to defendant are limited to workmen's compensation under La.R.S. 23:1061.
To determine whether the plaintiff in this matter can be considered the statutory employee of U.P.S., it is necessary to review the current statutory test concerning statutory employees as set forth in Berry vs. Holston Well Service, Inc., 488 So2d 934 (La.1986). The three level analysis contained in Berry initially considers whether the contract work performed by the employee is specialized or non-specialized. If the work is specialized per se, as a matter of law the work is not part of the principal's trade, business or occupation, and the principal is not the statutory employee of the specialized contractor's employees.
If, however, it is determined that the contract is non-specialty, then the inquiry shifts to whether the contract work can be considered to be part of the principal's trade, business or occupation. Within this second level of analysis, it is generally held that general maintenance and repair work, which by their very nature allow the smooth and continued operation of the principal, are within the scope *717 of coverage. Berry, supra; Palmer v. Loyola University, 496 So.2d 421 (La. App. 4 Cir.1986) [writ denied, 501 So2d 207 (La.1987)].
Lastly, the court must determine whether the principal is engaged in the work at the time of the alleged accident. La.R.S. 23:1032. At this level `it is irrelevant that the principal has the financial resources or expertise to enter into a particular trade, business, or occupation. In order for any person to come within the scope of the [worker's compensation] statute, he must be engaged in the enterprise at the time of the injury.' Berry, supra [at 938, 939 quoting] Lewis v. Exxon Corporation, 441 So2d 192 (La.1983).
The type of work that the plaintiff was performing at the time of her alleged accident, maintenance and housekeeping duties, is unquestionably the type of `routine', `customary', `regular', and `predictable' work which Berry holds to fall within the scope of La.R.S. 23:1061. Consequently, the determination to be made here is whether U.P.S. was engaged in such work at the time of the alleged accident. The relevant inquiry at this stage is whether U.P.S. had any employees engaged in the same type of housekeeping and maintenance services which Service Masters contracted to perform at the time of the alleged accident.
The evidence submitted in support of and in opposition to U.P.S.'s Motion for Summary Judgment clearly establishes the fact that U.P.S. maintains janitorial employees at facilities, while concurrently contracting with outside janitorial companies to do such work at its other Louisiana facilities. Al Rossi, the Louisiana District Maintenance Manager, testified that the work performed by the employees is identical to the routine maintenance and cleanup work performed by the janitorial sub-contractors.
Counsel for plaintiff argues that since U.P.S. did not maintain janitorial personnel at its New Iberia facility, it must be concluded that U.P.S. did not have as a part of its regular trade, business or occupation janitorial and housekeeping work. However, the fact that one of a company's many facilities decides to contract with independent contractors does not change the work's characterization as part of the principal's trade, business or occupation. The reasoning behind such policy is to prevent a principal from evading its compensation liability by hiring outside personnel to perform work that is an integral part of its daily operations. Forno v. Gulf Oil Corp., 699 F.2d 795 [5th Cir] (1983).
The plaintiff in Forno, supra, was working as a painter employed by a subcontractor engaged to perform routine painting maintenance at Gulf's plant at the time of the accident. The employee sued Gulf Oil Corporation in tort for personal injuries sustained due to an alleged premise defect. In affirming the lower court's grant of Gulf's Motion for Summary Judgment, the court stated:
`In the particular plant at which Forno was injured, Gulf customarily contracted out its painting maintenance. However, that circumstance alonewithout some showing that for some reason it was therefore not part of Gulf's trade, business or occupationdoes not bar summary judgment dismissing the present tort suit by the contractor's employee, where here without dispute in Gulf's other plants the painting and maintenance was customarily performed by its own employees. See, e.g. Darville v. Texaco, Inc., 674 F.2d 443, 445 (5th Cir.1982). Where work is customarily performed by the principal's own employees as an integral operation of its business, the circumstances that a particular one of its several plants chooses instead independent contractors to perform such maintenance work, without more, does not change the work's characterization as part of the principal's trade, business or occupation, nor permit the principal, at that plant only, to evade its compensation liability to employees injured while performing such work.' Forno, supra.
Similarly, in the case at bar, it is undisputed that U.P.S. maintains janitorial personnel at some of its facilities while employing outside janitorial help at others. *718 The fact that the facility at which the plaintiff was injured employed janitorial subcontractors rather than employing in-house janitorial personnel does not preclude such work from being characterized as part of U.P.S.'s trade, business or occupation. Further, it does not relieve U.P.S. of its compensation liability to employees who are injured at the facility where such subcontractors are hired. The trade-off provided when a party is deemed a statutory employer of a person, and thus liable for worker's compensation, is that such party is granted immunity for alleged tortious conduct.
Accordingly, U.P.S. is held to have been engaged in the trade, business or occupation of maintenance and housekeeping duties at the time of plaintiff's alleged accident. Therefore, U.P.S.'s Motion for Summary Judgment is hereby granted, dismissing the plaintiff Soloman's suit in tort against the defendant U.P.S."
Mozeke v. International Paper Company, 856 F.2d 722 (5th Cir.1988), a case recently decided under federal diversity jurisdiction, clearly supports our affirmation of the trial court's judgment.
For these reasons, the judgment of the district court dismissing plaintiffs' suit is affirmed at appellants' costs.
AFFIRMED.