WALTZER, Judge.
This appeal comes from the trial court’s granting of defendants’, the Orleans Parish School Board and Ronald Despenza, Exception of No Cause of Action. The plaintiff, Edward Williams, appeals this ruling, ask *719 ing this Court to reverse and remand this case for further proceedings and/or to allow the plaintiff to amend his petition so as to state a cause of action.
On February 12, 1988, plaintiff filed a law suit against the New Orleans Police Department and the Orleans Parish School Board for damages caused by false arrest and malicious prosecution. In that petition, the plaintiff alleged, in pertinent part, the following:
IV
On or about February 16, 1987, plaintiff was employed by defendant, Orleans Parish School Board as a school bus driver.
V
On that date, and while plaintiff was working as such employee of the defendant, Orleans Parish School Board, he was wrongfully, maliciously and unlawfully arrested by Police Officer K. Ferguson with the defendant, City of New Orleans through the New Orleans Police Department, without serving any warrant on the plaintiff, charging him with violation of the laws, statutes, or ordinances of the State of Louisiana and/or the City of New Orleans.
VIII
Plaintiff is informed and believes, and thereon alleges that his arrest and confinement were made on request of Ronald Despenza during the scope of his authority and employment as Assistant Director of Transportation with the Orleans Parish School Board in concert with Officer K. Ferguson with defendant, the City of New Orleans through the Orleans Parish Police Department, without reasonable or probable cause, in the presence of many other employees and forced him to submit to imprisonment, and the indignities and humiliation thereof, entirely against his will.
On April 7, 1988, an Exception of No Cause of Action was filed in the district court by the defendant, the Orleans Parish School Board. In its memorandum in support of it exception, the School Board argued that, while the plaintiff alleged a legal conclusion in paragraph VIII of his petition, he never alleged any specific facts to support that claim. In other words, the plaintiff alleged that the School Board was guilty of malicious prosecution and acting in concert on a false arrest, but never alleged facts to indicate that he was arrested falsely and without probable cause. This exception was granted by the trial court on June 30, 1988. However, before the court ruled on defendant’s exception, the plaintiff amended his petition on June 23, 1988. The amended and supplemental petition restated paragraphs four and five to read as follows:
IV
On or about February 16, 1987, plaintiff was employed by defendant, Orleans Parish School Board, as a school bus driver. At approximately 8:00 o’clock A.M., plaintiff left the Orleans Parish school bus barn located at 801 Patterson Street in Algiers to perform his usual and customary duties of picking up and dropping off students enrolled at Paul S. Habans Elementary School. At approximately 9:30 A.M., the plaintiff met with Ricky Ellington concerning an employment matter at the Orleans Parish School Board bus barn located on Almonaster Avenue in New Orleans, wherein he returned to the West Bank barn on Patterson Street at approximately 10:30 A.M.
V
Upon his return to the West Bank bus barn, the plaintiff was met by New Orleans Police Officer Kay Ferguson, who, without serving any warrant on the plaintiff, charged him with violation of LSA-R.S. 14:68(2), unauthorized use of a vehicle.
On January 8, 1991, plaintiff again amended his petition, in which, among other things, he added as defendant Ronald Despenza, Assistant Director of Transportation at the Orleans Parish School Board. *720 That amended petition, in pertinent part, stated the following:
1(a)
That made defendant is Ronald Des-penza, a person of the full age of majority and a resident and domiciliary of Orleans Parish, State of Louisiana, and at all times pertinent herein was acting in the course and/or scope of his employment with the Orleans Parish School Board and/or as their agent was acting with their expressed permission whether direct or implied.
5(a)
Defendant, Ronald Despenza, at the time of the above mentioned incident, was the Assistant Director of Transportation at the Orleans Parish School Board and in a malicious and unprecedented manner caused the plaintiff to be falsely arrested for returning a school bus to the Patterson Street Bus Barn approximately one hour after it was due back.
5(b)
Upon information and belief, plaintiff alleges that defendant, Ronald Despenza was acting out a personal vendetta in having the plaintiff arrested. Plaintiff further alleges that because the plaintiff returned the bus to its owner, defendant, Ronald Despenza, pressed charges against plaintiff without reasonable or probable cause.
On July 11, 1991, defendants, the Orleans Parish School Board and Ronald Des-penza, filed another Exception of No Cause of Action and an Exception for Vagueness. In their memorandum in support of the exception for vagueness, defendants argued that paragraph 5(a) was vague where it states “one hour after it was due back.” Here, the defendants claimed that the allegation could mean that Despenza, in a malicious manner, falsely told the police that Williams was an hour late in returning the bus, or, alternatively, that Williams had returned the bus an hour after it was due, and Despenza’s report to the police was either false or malicious. In support of their exception for no cause of action, the defendants argued that because the plaintiff admitted in paragraph 5(a) that he returned the bus “one hour after it was due back”, he could not thereafter claim that the School Board or Despenza were malicious or without probable cause in having him arrested for unauthorized use of a vehicle. On September 23, 1991, the trial court denied the Exception for Vagueness and granted the Exception for No Cause of Action.
Plaintiff now appeals the trial court’s granting of the Exception for No Cause of Action.
In ruling on a peremptory exception of no cause of action, the district court must presume the correctness of the well pleaded allegations in plaintiffs petition, and must determine if the facts of the petition present a case which legally entitle the plaintiff to the relief sought. Delta Bank & Trust Company v. Lassiter, 383 So.2d 330, 336 (La.1980); Plaquemines Parish Commission Council v. Perez, 379 So.2d 1373 (La.1980). In viewing the plaintiffs petitions, a court can only consider the facts. A general statement of a conclusion of law will not state or support a cause of action. Delta Bank & Trust Company v. Lassiter, 383 So.2d at 336. However, any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. A court must overrule an exception of no cause of action, unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does the plaintiff state a cause of action. Landry v. Landry, 339 So.2d 360 (La.App. 1st Cir.1976).
The defendants are correct in their briefs that the plaintiff, in alleging malicious prosecution and false arrest, should allege in his petition facts which indicate that he was falsely arrested. The plaintiff was arrested under LSA-R.S. 14:68. That statute states in pertinent part:
Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other’s consent, or by means of *721 fraudulent conduct, practices, or representations, but without any intent to deprive the other of the movable permanently ...
In his original petition, the plaintiff stated that he was employed by the defendant as a school bus driver. In his first amended petition, he further alleges that he was working on the morning of the arrest, that he was performing his duties of picking up and dropping off elementary school students, that he then met with someone at the Orleans Parish bus barn in New Orleans about an employment matter with the School Board, and that he returned to the bus barn in Algiers at 10:30 A.M., an hour after his meeting began in New Orleans.
While nowhere does the plaintiff allege that he had the proper authority to be operating the bus at the time he was arrested, facts which might prove such authorization would be admissible under the allegations stated in plaintiff’s petitions. Furthermore, the allegation in the amended petition which admits that he returned the bus “one hour after it was due back” does not necessarily negate the possible fact that he was operating the vehicle with proper authority or consent. The plaintiff might have had permission to return the bus “one hour after it was due back.” For this reason, the trial court should not have granted defendants’ exception of no cause of action. However, the plaintiff could allege facts which more clearly indicate that he was falsely arrested. We, therefore, feel that the plaintiff should amend his petition.
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings with the order that the trial court allow the plaintiff to again amend his petition within thirty (30) days from the date of this judgment. All costs of this appeal are assessed against defendant. The balance of costs are to be assessed at the conclusion of the case.
REVERSED AND REMANDED.