629 So.2d 1238 (1993)
Eric FORCHIA, et al.
v.
BROWNING-FARRIS INDUSTRIES OF LOUISIANA and Cox Cable of New Orleans.
No. 93-CA-0568.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1993.
Rehearing Denied February 10, 1994.
Waltzer & Bagneris, Bruce C. Waltzer and Paul S. Weidenfeld, New Orleans, for plaintiff-appellant Eric Forchia, et al.
Michael E. Holoway and Mark S. Senter, Covington, for defendant-appellee Cox Cable New Orleans, Inc.
Before KLEES, and LANDRIEU, JJ., and JOHN A. DIXON, Jr., J. Pro Tem.
KLEES, Judge.
Plaintiffs appeal the Civil District Court decision granting summary judgment to defendant. *1239 After reviewing the record and applicable law, we affirm.
Plaintiffs, Eric Forchia and Debbie Forchia, sued defendant, Cox Cable of New Orleans (Cox), in tort after Mr. Forchia was allegedly injured while disposing of trash at defendant's facility. A second defendant, Browning-Ferris Industries of Louisiana (BFI), is not a party to this appeal.
At the time of the accident, the Nolmar Corporation (Nolmar) was under contract to provide janitorial services for defendant. In addition to plaintiff, who worked during the day, Nolmar employed a night crew to keep defendant's facility clean. Plaintiff was supervised at Cox by Mr. Al Bouise, an employee of defendant, and he also received instructions from Mr. Clarence Barley, a utility worker for defendant. Mr. Barley performed a variety of services for defendant, including janitorial and maintenance work.
On September 28, 1987, plaintiff was attempting to dispose of a bag of trash but found the outside dumpster full. Instead of waiting for the dumpster to be emptied by BFI, plaintiff attempted to hurl the bag onto the top of the dumpster. Mr. Barley stated in his deposition that he had, on several previous occasions, warned plaintiff not to dispose of the bags in this manner, and that he had advised plaintiff to leave the bags in defendant's garage until the dumpster was emptied. When empty, the dumpster's side door could be used for easy disposal. According to Mr. Barley, plaintiff refused to use the side door even when the dumpster was empty.
To get the heavy bag onto the dumpster, plaintiff swung the bag from side to side to gain momentum and then let the bag go. Plaintiff claims that after he threw the bag, he experienced a pain in his neck which dropped him to his knees. Plaintiff has since had surgery and continues to experience pain.
The trial court, in granting summary judgment in favor of defendant, found that defendant owed no duty to plaintiff and that plaintiff was a statutory employee of defendant. Plaintiff argues on appeal that a duty was owed to him by defendant and that he is not a statutory employee of defendant.
The question of whether a duty exists is of no moment if defendant is found to be a statutory employer. Under the provisions of La.R.S. 23:1032, an injured employee's exclusive remedy against a statutory employer is workers' compensation benefits. Berry v. Brown & Root, Inc., 595 So.2d 767, 769 (La. App. 4th Cir.1992). Thus, the employee may not sue his statutory employer in tort. Id.
The statutory employee doctrine was interpreted by the Louisiana Supreme Court in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). Although the Berry decision was legislatively overruled effective January 1, 1990, the parties agree that, since the accident occurred in 1987, it applies in the instant case.
Under the Berry decision, determination of whether a statutory employment relationship exists involves the following three level analysis:
1. Was the contract work specialized?
2. Was the contract work a part of the principal's trade, business, or occupation?
3. Was the principal engaged in the work at the time of the alleged accident?
Id. at 937-38.
Was the Contract Work Specialized?
In deciding the above question of fact, courts should consider whether the work involved "a degree of skill, training, experience, education and/or equipment not normally possessed by those outside the contract field." Id. at 938. If the work is determined to be specialized, then a statutory employment relationship does not exist. If the work is determined to be non-specialized, then the second level of the Berry analysis is considered.
After reviewing the record, we find no genuine issue of material fact concerning whether the contract work in the instant case was specialized or non-specialized. Janitorial work is non-specialized since the work requires no special knowledge or equipment. Palmer v. Loyola University, 496 So.2d 421, 422 (La.App. 4th Cir.1986), writ denied, 501 *1240 So.2d 207 (La.1987). Thus, we consider the second level of the Berry analysis.
Was the Contract Work a Part of the Principal's Trade, Business, or Occupation?
The Berry decision provided three guidelines for determining the second level of the analysis: (1) Is the contract work routine and customary? (2) Does the principal have the equipment and/or manpower capable of performing the contract work? and (3) What is the practice in the industry relative to the contract work? 488 So.2d at 938.
Commenting on the first guideline, the Berry court stated that "general maintenance and repair work, which by their very nature allow the smooth and continued operation of the principal, are within the scope of coverage." Id. The janitorial services performed by Nolmar under its contract are, therefore, the type of services Berry deems "routine and customary." Palmer, 496 So.2d at 422.
On the second guideline, this court has found that "if at the time of the alleged injury the principal had no employees doing work similar to the contract work, then the contract work will not be considered part of the principal's trade, business or occupation as of the time of the injury." Id. at 423. In the instant case, Mr. Clarence Barley stated in his deposition that his duties included janitorial work. (Barley Depo., p. 6, 25) Moreover, Mr. Pete Price, accounting manager for defendant, stated in an affidavit that defendant employed individuals besides plaintiff whose responsibilities included janitorial services. (Vol. I of Record) Since defendant had at least one employee engaged in the same type of work as Nolmar had contracted to perform, there is no genuine issue of material fact as to this guideline.
On the third guideline, the record contains no information as to whether industry participants normally contract out their janitorial work or have the work done by their own employees. In the present case, however, the absence of such evidence does not create a genuine issue of material fact. The evidence clearly shows that plaintiff's work is in the category of general maintenance and repair work, rather than the type of extraordinary contract work normally considered as outside of La.R.S. 23:1061. Therefore, given the above, the second level of the Berry analysis is satisfied.
Was the Principal Engaged in the Work at the Time of the Alleged Accident?
As explained above, Mr. Clarence Barley, who is employed by defendant and is not associated with Nolmar, performed several duties for defendant at the time of plaintiff's accident, including janitorial work. Therefore, the third level of the Berry analysis is satisfied.
For the foregoing reasons, the summary judgment of February 2, 1993, in favor of defendant, is affirmed.
AFFIRMED.