JONES, Judge.
Earl Harrison appeals a judgement of the trial court maintaining a preemptory Exception of No Cause of Action filed by defendant, Regional Transit Authority (RTA) and dismissing his action against RTA.

FACTS

Plaintiff, a bus driver, instituted litigation against Edward Redd, Karl Leber, the Home Insurance Company and the RTA. Plaintiff alleged that while operating a bus owned by RTA he was injured when the bus was struck by a vehicle being operated by Karl Leber, who was on a mission for Edward Redd.
Plaintiff alleged that at the time of the accident, RTA had in full force and effect a certificate of self insurance on the bus which he was operating which provided uninsured/underinsured motorist coverage. RTA responded to the plaintiffs petition by filing an exception of no cause of action wherein it alleged that because it was the statutory employer of the plaintiff, plaintiffs action against it was limited to worker’s compensation benefits. The trial court sustained the exception and dismissed RTA from the litigation.

DISCUSSION AND LAW

In the petition, plaintiff alleged that at the time of the accident sued upon herein, defendant, RTA had in full force and effect, a certificate of self insurance which provided undermsured/uninsured motorist coverage. A review of the exception and memorandum filed by the defendant reveals that the defendant did not address the issue of whether uninsured/underinsured motorist coverage was provided for the bus being operated by the plaintiff at the time of the accident. Rather, RTA asserted that it had entered into a contract with the plaintiffs employer, Transit Management of Southeast Louisiana, Inc. (TMSEL) for the day-to-day operation of the city’s bus service. As a result of that contractual arrangement, RTA maintained that TMSEL employs all transit operators needed to operate the bus service. Thus, according to RTA, the work performed by the plaintiff as an employee of TMSEL is covered by La.R.S. 23:1061 and is classified as work usually done by contract or principals. For these reasons, RTA maintained that plaintiff was the statutory employee of RTA and that his exclusive remedy for recovery is limited to a claim for worker’s compensation benefits. Based solely upon this con-clusory allegation that it was the statutory employer of the plaintiff, defendant, RTA maintains that the plaintiffs petition does not state a cause of action.
The first issue to be addressed in this appeal is whether the record supports defendant’s argument that it is the plaintiffs statutory employer. Our review reveals that the record contains no evidence to supports RTA’s position that it is the plaintiffs statutory employer.
In determining whether an exception of no cause of action should be granted, the court must consider whether the law grants a remedy to anyone for the particular harm alleged by plaintiff based only on the petition, without admitting additional evidence to support or controvert the exception. Neh-renz v. Dunn, 693 So.2d 915, 917 (La.App. 4 Cir.1992). When the petition states a cause of action as to any ground or portion of a demand, the exception must be overruled. Any doubt as to the sufficiency of the petition *406 must be resolved in favor of the plaintiff. Nehrenz, id. Because RTA filed an exception of no cause of action it would have been improper to submit affidavits, depositions, or other documents to support its allegation that it was the plaintiffs statutory employer.
? plea of statutory employer is an affirmative defense and the burden of proof is upon the party asserting it. Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.19'86). Thus, RTA had the burden of proving that it was plaintiffs statutory employer. However, RTA presented no evidence to meet this burden of proof.
In this regard, the instant case is distinguishable from the various cases cited by RTA to support its allegation that it is the statutory employer of the plaintiff. In the various cases cited by plaintiff, a finding that the defendant was the statutory employer was made on the basis of a motion for summary judgment, accompanied by affidavits, depositions and/or other documentary evidence. See Berry v. Holston Well Service, supra; Hope v. State, 525 So.2d 353 (La.App. 1st Cir.1988), writ denied, 531 So.2d 481 (La.1988); Humphrey v. Louisiana Power and Light Co., Inc., 546 So.2d 520 (La.App. 4th Cir.1989); Sanders v. Baton Rouge Water Works Co., 552 So.2d 768 (La.App. 1st Cir.1989), writ denied, 558 So.2d 1130 (La. 1990); Solomon v. United States Parcel Services, 539 So.2d 715 (La.App. 3rd Cir.1989), unit denied, 541 So.2d 839 (La.1989).
In Manuel v. Odeco, 563 So.2d 1179 (La. App. 1st Cir.1990), writ denied, 566 So.2d 401, 402 (1990), the final case cited by RTA, a finding of statutory employment by a jury was not made until after a full trial on the merits.
Since RTA’s allegation that it was plaintiffs statutory employer was not supported by the record, the trial court erred in dismissing the plaintiffs action solely on the defendant’s legal argument that it was the plaintiffs statutory employer. The question of whether RTA is plaintiffs statutory employer under La.R.S. 23:1061 is not established as fact by the allegations of plaintiffs petition. Thus the parties must litigate this matter on the merits. For a similar result see Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3rd Cir.1975).
Additionally, plaintiff argues that the trial court erred in granting the defendant’s exception of no cause of action because the defendant failed to introduce or produce any evidence or argument addressing the issue of insurance coverage provided by the RTA.
We agree.
The test for determining whether an exception of no cause of action should be maintained was reiterated recently in Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993) wherein the court stated:
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Kuebler v. Martin, .578 So.2d 113 (La.1991). (Emphasis added)

Supra at 1235.

Any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. A court must overrule an exception of no cause of action, unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does the plaintiff state a cause of action. Williams v. Orleans Parish School Bd., 611 So.2d 718, 720 (La.App. 4th Cir. 1992); Landry v. Landry, 339 So.2d 360 (La.App. 1st Cir.1976).
The allegation in plaintiffs petition that uninsured/underinsured motorist coverage exists for the bus being driven by him on the day of the accident was never controverted by RTA. Thus, for purposes of the exception of no cause of action, this allegation must be *407 taken as true. In cases where a self insured motorist provides UM coverage, the issue of whether such coverage applies to the plaintiff is a factual determination to be made only after examination of the certificate or policy providing such coverage. For this reason, we are unable at this stage of the proceedings to rule out the possibility that the plaintiff can recover from RTA.[1]
Accordingly, the trial court’s ruling which sustained defendants’ exception of no cause of action is reversed. The case is remanded for proceedings not inconsistent with this opinion. All costs of this appeal are assessed to the defendant.

REVERSED.

. In reaching this conclusion we are mindful of Harrison v. Petri, 468 So.2d 666 (La.App. 4th Cir.1985), wherein this court held that a self-insured is not specifically required to provide UM coverage. However, this case differs from Harrison, id., in that RTA did not deny the existence of a certificate providing UM coverage; rather, RTA based its exception solely on its alleged status as plaintiff’s statutory employer.