717 So.2d 246 (1998)
Kendrick JONES, Sr., Monique R. Jones & Kendrick Jones, Jr.
v.
VELA'S GARAGE & RENTAL, INC.
No. 97-CA-2486.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1998.
*247 Celeste Brustowicz, David M. Melancon, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for Defendant/Third Party Plaintiff/Appellant Vela's Garage and Rentals, Inc.
Robert S. Reich, Mark S. Senter, Reich, Meeks & Treadaway, L.L.C., Metairie, for Third Party Defendant/Appellee Environmental Operators, Inc.
Before SCHOTT, C.J., and LOBRANO and MURRAY, JJ.
MURRAY, Judge.
Vela's Garage and Rentals, Inc., defendant and third party plaintiff, appeals a summary judgment granted in favor of third party defendant, Environmental Operators, Inc. For the following reasons, we affirm.

FACTS:
Kendrick Jones, Sr., was injured on the job while working at a landfill in Plaquemines Parish, that is owned and operated by Environmental Operators, Inc. Mr. Jones was employed by Ray Gibbins Maintenance, Inc., an affiliate of Environmental Operators. Mr. Jones sued Vela's Garage and Rentals, Inc., in tort alleging that a pump it supplied to Environmental caused his injuries. Vela's filed a third-party claim against Environmental, alleging that: (1) it had garde and custody of the pump, was negligent and responsible in tort; and (2) that Environmental was contractually obligated to hold Vela's harmless for any claim arising from the use of its pump. Environmental answered Vela's third party demand, then moved for summary judgment alleging that it was Mr. Jones' statutory employer, and, therefore, immune from tort under the workers' compensation statutes. The trial court granted summary judgment finding that Mr. Jones was Environmental's statutory employee, and that the provision Vela asserted entitled it to indemnity from Environmental did not apply to Mr. Jones' personal injury claim.

DISCUSSION:
Vela's contends that the trial judge erred in determining that Environmental was entitled to summary judgment as a matter of law because there existed a genuine issue of material fact as to whether Mr. Jones was Environmental's statutory employer. It also assigns as error the court's determination that, as a matter of law, the dray receipt issued by Vela's to Environmental did not indemnify Vela's for Mr. Jones' personal injury claim.
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Facts are material when their existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Smith, supra.
Louisiana Code of Civil Procedure art. 966 C provides:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential *248 to the adverse party's claim, motion, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Statutory Employer Status:
Environmental, who asserted its immunity from tort liability as Mr. Jones' statutory employer as an affirmative defense, bore the burden of proving its entitlement to the immunity. Rowe v. Northwestern Nat'l Ins. Co., 471 So.2d 226 (La.1985); Harrison v. Redd, 93-2100 (La.App. 4th Cir. 3/29/94), 635 So.2d 404. Because Environmental, who was the movant, had the burden on this issue at trial, La.Code Civ. Proc. art. 966 C(2) does not apply.
Vela's claims that there is a genuine issue of material fact as to when Environmental executed the management and employment contracts with Gibbins. Although both of these documents are dated January 2, 1991, the last page of the signed management contract bears a computer-generated date of May 18, 1994. Vela's argues that this indicates that this was not executed until after Mr. Jones' accident in December 1993. Because Mr. Garland Guidry, president of both Environmental and Gibbins, testified that both agreements were signed on the same day, Vela's argues that one reasonably could infer that neither agreement was in effect at the time of Mr. Jones' accident.
Although the evidence suggests a genuine issue as to when these two agreements were executed, it is not material to the question of whether Environmental is Mr. Jones' statutory employer.
The Louisiana Supreme Court has characterized the question of whether the work being performed by the employee of the subcontractor was part of the alleged principal's trade, business or occupation as the central issue of the statutory employment relationship. Kirkland v. Riverwood Int'l USA, Inc., 95-1830, p.6 (La.9/13/96), 681 So.2d 329, 332. In Kirkland the Court considered the effect of the 1989 amendment to La.Rev.Stat. 23:1061 on the analysis for determining statutory employer status under the cases predating that amendment. Id. at p. 12, 681 So.2d at 335. The Court held that the appropriate standard for determining if the contract work is part of the principal's trade, business or occupation is to consider all of the pertinent factors under the totality of the circumstances so that the presence or absence of any one factor is not determinative. The Court explained that "the presence of one factor may compensate for the lack of another." Id. at pp. 13-14, 681 So.2d at 336. It then listed some of the factors to consider in determining whether a statutory employment relationship exists:
(1) The nature of the business of the alleged principal;
(2) Whether the work was specialized or non-specialized;
(3) Whether the contract work was routine, customary, ordinary or usual;
(4) Whether the alleged principal customarily used his own employees to perform the work, or whether he contracted out all or most of such work;
(5) Whether the alleged principal had the equipment and personnel capable of performing the contract work;
(6) Whether those in similar businesses normally contract out this type of work or whether they have their own employees perform the work;
(7) Whether the direct employer of the claimant was an independent business enterprise who insured his own workers and included that cost in the contract; and
(8) Whether the principal was engaged in the contract work at the time of the incident.
Id. at pp. 14-15, 681 So.2d at 336-67.
The determination of whether the contract work was part of the principal's trade, business or occupation is a factual issue to be resolved on a case-by-case basis. Id. Although this may make many cases inappropriate for summary judgment, there are some situations in which it is possible to say that a principal is a statutory employer as a matter of law. This case presents such a situation.
*249 Garland Guidry, who submitted two affidavits and testified by deposition on behalf of Environmental and Gibbins, stated that Environmental's business consisted, in part, of hauling and disposing of waste materials at its landfill. Gibbins, an affiliate of Environmental, whose business was to supply labor to various principals, supplied all the personnel who performed manual labor at Environmental's landfill. Although Gibbins processed the employment paperwork and maintained workers' compensation insurance on its employees working at the landfill, Environmental trained those employees. It supervised and supplied these workers with all instruments necessary to perform their jobs at the landfill. Environmental had the right to discharge any of the Gibbins employees working at the landfill. Mr. Guidry stated that beginning in January of 1991, Gibbins agreed to supply and/or loan employees to Environmental, who agreed to utilize, select and/or borrow employees from Gibbins to perform work at Environmental's landfill. Vela's did not present any evidence to the contrary, only the evidence that suggested that one or both of the written agreements setting forth the arrangement between Environmental and Gibbins may have been signed after the date of Mr. Jones' accident.
Applying the Kirkland factors to the undisputed facts regarding the arrangement between Environmental and Gibbins, we find that the work that Mr. Jones performed at Environmental was within the scope of its trade, business or occupation. Environmental, therefore, was Mr. Jones' statutory employer and is entitled to tort immunity with regard to his claim for injuries.

Indemnification:
Vela's contends that Environmental agreed to indemnify it for Mr. Jones' personal injury claim, and that this agreement waived any tort immunity it may have had. The indemnity agreement upon which Vela's relies is printed on the dray receipt[1] for the pump that allegedly caused Mr. Jones' injuries. Environmental argues that the language relied on by Vela's does not contemplate indemnity for personal injuries, but only for property damage.
The dray ticket reads as follows:

THIS IS ON RENTAL

SUBJECT TO THE USUAL RENTAL TERMS
Rent starts from the time the equipment leaves our Triumph Warehouse and will continue without interruption until it is returned to our warehouse in as good a condition as it is received by you. You are to be responsible for any damage, breakage (other than normal wear) or loss and all maintenance while the equipment is in your possession, and to save us harmless from all claims arising therefrom. (Emphasis added)
Vela's contends that the highlighted language includes claims for personal injury. Environmental argued, and the trial court agreed that the language of the dray receipt only addressed indemnity for property damage claims.
We find that the language is ambiguous as it arguably could be interpreted as Vela's contends or as the trial court found. The parties agree that the first clause of the last sentence of the form refers to responsibility for claims arising from damage, breakage, loss or maintenance of the equipment. Thus it could be interpreted, as Environmental argues, as providing that it is responsible only for damage to the pump. However, the second clause of that sentence, "and to save us harmless from all claims arising therefrom" could be interpreted to include personal injury claims that arise from the equipment being damaged, broken or improperly maintained by the lessee, in this case Environmental.
This ambiguous language is contained in a form printed on the dray receipt prepared by Vela's. La. Civ.Code art.2056, which deals with the interpretation of provisions contained in "Standard-form contracts," such as this, provides that:

*250 In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text.
A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party.
The doubt with regard to the provision upon which Vela's relies must be resolved against it, the party who furnished the text, and in favor of Environmental, the other party.
In addition, if the provision at issue were interpreted as Vela's argues, it would constitute a waiver of Environmental's immunity from suit in tort. A waiver of an employer's tort immunity, even as to a third party, requires a showing that the employer knowingly gave up this right. Cf. Graves v. Lou Ana Foods, Inc., 604 So.2d 150, 163-64 (La.App. 3rd Cir.1992) (Direct defendant, sought indemnity from plaintiff's employer based on language appearing on the reverse side of a work order. Work order was unsigned and record was void of any evidence that the parties had discussed the question of indemnification.)
Vela's has offered absolutely no evidence that would establish that Environmental, by accepting a dray receipt on which form language was printed,[2] knowingly waived its tort immunity.
Because Environmental, the movant, will not bear the burden on the issue of indemnification at trial, La.Code Civ. Proc. art. 966 C(2) is applicable. Environmental has established that there is a lack of factual support for one or more of the elements of Vela's claim for indemnification. Vela's, therefore, was required to produce factual support that would have been sufficient to establish that it would be able to satisfy its evidentiary burden on this issue at trial. Vela's has failed to produce such factual support. Therefore, there is no genuine issue of material fact as to the question of indemnity, and Environmental is entitled to judgment as a matter of law on this issue.
For the foregoing reasons, the trial court's judgment in favor of Environmental dismissing Vela's third party claim is affirmed. All costs of the appeal are to be borne by Vela's.
AFFIRMED.
NOTES
[1] A dray receipt contains a description of items delivered to a site and the cost for those items. It is basically a delivery ticket.
[2] The dray receipt was not signed.